Tracy Lee ST. CLAIR., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–02–00117–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 20, 2003.

Keith A. Gross, Pearland, for Appellant.

B. Warren Goodson, Jr., Assistant District Attorney, Galveston, for Appellee.

Panel consists of Justices HEDGES, JENNINGS, and ALCALA.

## OPINION

ADELE HEDGES, Justice.

A jury found appellant, Tracy Lee St. Clair, guilty of the felony offense of driving while intoxicated (DWI), and assessed punishment at two years' confinement. In two points of error, appellant challenges the legal sufficiency of the evidence supporting his conviction. We affirm.

### Standard of Review

In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *King v. State*, 29 S.W.3d 556, 563 (Tex.Crim.App. 2000).

### DWI

A person commits the offense of DWI if the person is intoxicated while operating a motor vehicle. TEX. PEN.CODE ANN. § 49.04(a) (Vernon 2003). Section 49.09(b) provides that a DWI defendant may be tried as a felon if he has two prior convictions for DWI. TEX. PEN.CODE ANN. § 49.09(b)(2) (Vernon 2003). The prior intoxication-related offenses are elements of the offense of felony DWI. *Gibson v. State*, 995 S.W.2d 693, 696 (Tex.Crim.App.1999). Section 49.09(e) contains a remoteness limitation that requires one of the prior convictions to have been committed within 10

years of the offense for which the defendant is on trial. Tex. Pen.Code Ann. § 49.09(e)(1–2) (Vernon 2003).

Appellant argues that the State presented legally insufficient evidence of felony DWI because (1) there was no evidence that one of the two prior DWI convictions was for an offense committed within 10 years of the date the instant offense, and (2) one of the alleged convictions upon which the State relied to enhance the instant offense was not a final conviction. The State contends that because appellant stipulated to the two previous DWI convictions, it was not required to produce the evidence appellant now claims is insufficient. A close examination of the record reveals that, although appellant stipulated that he was the individual named in State's Exhibit 2 and 3, he did not stipulate that he had two prior DWI convictions. The following discussions occurred on the record before trial:

[Counsel for the State]: Your Honor, I believe we have two stipulations.

The Court: These stipulations relate to what?

[Counsel for the State]: The judgments of the prior convictions of DWI that are alleged in the indictment or the actual judgments. He is stipulating that he is the individual that has been convicted. He is stipulating that he's been twice convicted of DWI.

The Court: Does that stipulation go to the judgments themselves?

[Defense Counsel]: Right. When he enters them, I'm not going to say that isn't him.

The Court: Then the stipulation is more specifically that you will stipulate that the man named in the judgments that the State intends to introduce showing the previous convictions alleged in the indictment, that you will stipulate to the

identity, that that is the same person who was convicted.

[Defense Counsel]: That's correct.

When the State introduced State's Exhibits 2 and 3 into the record counsel for the State said the following,

For the record, it's my understanding that the defense will stipulate to the fact that in State's No. 2 Tracy Lee St. Clair [appellant] is one and the same Tracy Lee St. Clair who's the defendant in this particular case. And in State's No. 3 the Tracy Lee St. Clair on that judgment is also one and the same Tracy St. Clair that's the defendant in this case.

Appellant stipulated that he was the person named in the documents, but did not stipulate that he had been convicted of DWI on two previous occasions. Appellant's stipulation did not relieve the State of its burden of proof. Therefore, we consider each of appellant's arguments in turn.

■ In his first point of error, appellant contends that the State failed to prove that appellant committed an intoxication offense within 10 years of the date the present offense was committed. The State introduced evidence that appellant was convicted of a DWI offense that was committed on May 30, 1986. The State also introduced evidence that appellant was convicted of a DWI offense on August 24, 1994. Appellant argues that because State's Exhibit 2 is a conviction that is more than 10 years old and because State's Exhibit 3 does not include the date the offense was committed, the evidence was insufficient to prove that he committed an intoxication offense within 10 years of committing the present offense.

The Court of Criminal Appeals has held that because section 49.09(e) is not an element of the offense, the State need not submit proof of the intervening conviction to the jury. *Weaver v. State,* 87 S.W.3d

557, 561 (Tex.Crim.App.2002); *see also, Bower v. State,* 77 S.W.3d 514, 518 (Tex. App.-Houston [1st Dist.] 2002, pet. ref'd). However, at some point during its case-in-chief, the State must submit proof of the intervening conviction to the trial court.[1] *Weaver,* 87 S.W.3d at 561. By introducing evidence of two prior convictions, the State complied with the requirements of section 49.09(e).

If the State had attempted to use a stale DWI conviction in an enhancement paragraph, appellant could have moved to quash the indictment. *Bower,* 77 S.W.3d at 518. At trial, appellant's remedy would have been to timely object, based on section 49.09(e), to the admission of the convictions and/or request an instruction on the lesser included offense of misdemeanor DWI. *Id.* Appellant took none of the above actions.

We, therefore, overrule appellant's first point of error.

 In his second point of error, appellant contends that the State presented legally insufficient evidence of felony DWI because State's Exhibit 3 is not a final conviction. State's Exhibit 3 consists of a plea form, a commitment paper, and a docket sheet. The plea form indicates that appellant pled nolo contendere. A plea of nolo contendere has the same legal effect as a plea of guilty.[2] TEX.CODE CRIM. PROC. ANN. art. 27.02(5) (Vernon Supp.2003). The commitment paper indicates that on August 25, 1994, judgment was rendered against appellant, and it commands appellant to pay $500 and serve 90 days in the county jail. The docket sheet contains similar information. From this evidence,

we conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant was finally convicted of a DWI in August of 1994.

We, therefore, overrule appellant's second point of error.

### Conclusion

The trial court's judgment is affirmed.

---

1. This case is different from *Weaver* in that the State introduced no evidence of any intervening conviction in the trial court and did not affirmatively prove that the date of a previous DWI offense was committed within the past 10 years. 87 S.W.3d at 561.

2. There is one exception to this rule, but it is not applicable to this case. TEX.CODE CRIM. PROC. ANN. ART. 27.02(5) (Vernon Supp.2002).