**Rodney Camile SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–00–00316–CR.**

Court of Appeals of Texas, Waco.

March 24, 2004.

Stephen Taylor, Galveston, for appellant.

John S. Holleman, Polk County Criminal Dist. Atty., William Lee Hon, Polk County Asst. Criminal Dist. Atty., Livingston, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## MEMORANDUM OPINION

BILL VANCE, Justice.

Rodney Smith was charged with having driven while not having the normal use of his mental and physical faculties due to the introduction of alcohol into his body. TEX. PEN.CODE ANN. §§ 49.01, 49.04 (Vernon 2003) (current version). The date of the offense was alleged to be September 4, 1999. The indictment contains two allegations of prior convictions for DWI, so it alleges a felony of the third degree. *Id.* § 49.09(b)(2), (c), (e) (Vernon Supp.2004) (current version). It further alleges two prior felony convictions, so Smith was a risk as an habitual criminal. *Id.* § 12.42(d) (Vernon Supp.2004) (current version). A jury convicted him of the primary offense, and after a punishment hearing, the trial court found that he is an habitual offender and assessed his punishment at thirty-five years in prison. Smith asks us to review five issues:

- whether the evidence of intoxication is legally sufficient;
- whether the evidence is legally sufficient to establish the two prior offenses;
- whether the stipulation of the prior offenses is legally sufficient to establish that each occurred within ten years of the primary offense;
- was it proper to use one of the prior felonies as an habitual offender enhancement when that offense had been raised to felony grade by an offense also alleged to raise the primary offense to a felony; and
- was one of the prior felonies alleged as an habitual offender enhancement void.

Finding that the State failed to adequately prove one of the prior convictions used to enhance the offense to a felony, we will

reverse the judgment and enter an acquittal.

## SUFFICIENCY OF THE EVIDENCE OF INTOXICATION

■ Smith was arrested after DPS Trooper Glenn Goodwin stopped him for a seatbelt violation and formed the opinion that he was intoxicated. His first issue focuses on the element of intoxication by asserting that the State never linked his failure to possess the normal use of his mental and physical faculties to the ingestion of alcohol. In addition to Goodwin's testimony, two other troopers, who were present following the stop, testified at trial. One stated that an open can of beer—an alcoholic beverage—was found spilled on the floorboard of Smith's vehicle. He also testified that Smith admitted drinking beer that evening and that his actions and mannerisms, including his slurred and "thick-tongued" speech, were consistent with a person under the influence of alcoholic beverages. In addition, the officers detected a "strong odor of alcohol emitting from Smith's person." Finally, the evidence shows that Smith answered "no" when asked if he had "any injections or pills recently."

We have reviewed all of the evidence in the light most favorable to the verdict and find that a rational trier of fact could have found beyond a reasonable doubt that Smith was intoxicated at the time of his arrest due to the introduction of alcohol into his body. *Kimball v. State*, 24 S.W.3d 555, 560 (Tex.App.-Waco 2000, no pet.). We overrule the first issue.

## SUFFICIENCY OF THE EVIDENCE OF PRIOR CONVICTIONS

■ Smith's second issue questions the sufficiency of the evidence to support a finding that he committed two prior offenses of driving while intoxicated within the time required by statute. If the State seeks conviction for the elevated felony offense, the prior convictions are necessary elements of the offense that must be proven beyond a reasonable doubt. *Gibson v. State*, 995 S.W.2d 693, 696 (Tex.Crim.App. 1999).

Subsection (e) of article 49.09, as it applies to this offense, provided that a prior conviction may not be used to enhance a DWI to felony status if (1) it was a "final conviction" as defined, and "was for an offense *committed* more than 10 years before the offense for which the person being tried was committed"; and (2) the person has not been convicted of another specified intoxication offense *committed* within 10 years before the date on which the offense for which the person is being tried was committed. *See* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 21, 1995 Tex. Gen. Laws 2734, 2743 (amended 1999 & 2001) (italics added) (current version at TEX. PEN. CODE ANN. § 49.09(e)).

The State read only the article 49.09 "elemental" enhancement allegations to the jury at the beginning of trial; the article 12.42 "punishment" enhancement allegations were reserved until the punishment hearing.

Smith and the State entered into a stipulation concerning the article 49.09 enhancement offenses. The written stipulation states:

> I Rodney Camile Smith, am the identical person named in the indictment in the above styled and numbered cause; and I have read the same and hereby agree and confess that:
>
> "On February 28, 1983, in the County Criminal Court at Law No. 4 of Harris County, Texas, in Cause No. 685–779, I was convicted of the offense of Driving While Intoxicated; and
>
> "On April 24, 1990, in the 258th District Court of Polk County, Texas, in

Cause No. 12,255, I was convicted of the offense of Driving While Intoxicated."

At the beginning of the guilt-innocence phase of the trial, Smith testified:

Defense Counsel: Mr. Smith, the trial has not started yet this morning; but we have talked today about the advisability of stipulating to two prior DWI convictions rather than have the State prove up the DWI convictions and running the risk of other things coming in that would be counter productive to our position. Do you agree with that?

Smith: Yes, sir.

Defense Counsel: And by signing this, you're admitting that they don't have to prove up these two things; and we don't get into the issue of your priors at this trial, okay?

Smith: Okay.

Defense Counsel: Is that your agreement?

Smith: Yes, sir.

There was no other evidence of any prior conviction admitted into evidence during the guilt-innocence phase of the trial.

The evidence conclusively shows that more than ten years elapsed between the date Smith *committed* the 1983 offense for DWI and the date of the primary offense, September 4, 1999. That conviction can be used, however, if the proof of the 1990 conviction establishes that it was "committed within 10 years before the date on which the offense for which [Smith] is being tried was committed." *See id.;* *Smith v. State,* 1 S.W.3d 261, 263 (Tex. App.-Texarkana 1999, pet. ref'd) (applying prior statute) (date defendant committed the more recent enhancement offense was shown; thus date of commission of earlier offense not required).

The State did not prove during guilt-innocence the date Smith committed the offense for the 1990 conviction. Rather, the State offered and relied on Smith's stipulation. The stipulation does not, however, prove the date on which Smith *committed* the offense for which he was convicted on April 24, 1990. "The State must, however, at some point during its case-in-chief, submit proof of the intervening conviction to the trial court." *Weaver v. State,* 87 S.W.3d 557, 561 (Tex.Crim.App. 2002). And, the fact that the State proved commission of an even more recent conviction at punishment is of no moment. *See Barfield v. State,* 63 S.W.3d 446, 450 (Tex. Crim.App.2001) (quoting *Munoz v. State,* 853 S.W.2d 558, 560 (Tex.Crim.App.1993) ("In a genuinely bifurcated trial before a jury on a plea of not guilty, evidence that is introduced at the punishment stage of the trial can have little, if any, effect on the force of the evidence on the issue of guilt. In such a case, therefore, 'our consideration of the evidence is necessarily limited to that evidence before the jury at the time it rendered its verdict of guilt.'")). Thus, we find that, under the statute then in effect, the State failed to prove that the 1983 offense could be used by failing to prove *commission* of another offense within ten years before the date on which the primary offense was committed.[1] We sustain the second issue.

**OTHER ISSUES**

Because we will reverse the judgment, we do not reach Smith's remaining issues.

1. We do not reach Smith's assertion that the proof also failed on the 1990 offense as an elemental enhancing prior conviction. The stipulation—the only evidence admitted—did not conclusively show that the 1990 conviction was for an offense committed more than ten years before the primary offense.

## CONCLUSION

█ The lesser-included offense of misdemeanor DWI was not submitted to the jury—nor did either party request such an instruction. Accordingly, we cannot reform the judgment. *See Collier v. State*, 999 S.W.2d 779, 782 (Tex.Crim.App.1999). Finding no evidence to support an element of the offense, we reverse the judgment and render a judgment of acquittal.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

Once again, I cannot agree to reverse a conviction because of something the defendant wanted. *See Bryant v. State*, No. 10–01–00280–CR, 135 S.W.3d 130, 2004 Tex. App. Lexis 2326 (Waco March 10, 2004, no pet. h.) (Gray, C.J., dissenting).

Smith stipulated to two prior DWI convictions. On the record, he admitted that by signing the stipulation, the State did not have to prove up the convictions and he would avoid discussion of his other priors. The State offered the stipulation of those convictions into evidence. Smith specifically stated, "We have no objection to the stipulation." The stipulation was admitted. Smith cannot now complain that one of those convictions was too remote to use. And he certainly should not be acquitted on this issue.

Section 49.09(e) is not an element of felony DWI; it is more like a rule of admissibility. *Weaver v. State*, 87 S.W.3d 557, 561 (Tex.Crim.App.2002). The situation in this case and the issue raised by Smith on appeal has already been decided, *twice*, by the First Court of Appeals in Houston; and in each case, the Court of Criminal Appeals refused a petition for discretionary review. *See St. Clair v. State*, 101 S.W.3d 737, 740 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd); *Bower v. State*, 77 S.W.3d 514, 518 (Tex.App.-

Houston [1st Dist.] 2002, pet. ref'd). Houston was right; the majority of this court is wrong. And I respectfully dissent.