IN THE
TENTH COURT OF APPEALS
 

No. 10-00-00316-CR


     RODNEY CAMILE SMITH,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 258th District Court
Polk County, Texas
Trial Court # 15511
                                                                                                                
                                                                                                         
DISSENTING OPINION
                                                                                                                

      Once again, I cannot agree to reverse a conviction because of something the defendant
wanted. See Bryant v. State, No. 10-01-00280-CR, 2004 Tex. App. Lexis 2326 (Waco March
10, 2004, no pet. h.)(Gray, C.J., dissenting).
      Smith stipulated to two prior DWI convictions. On the record, he admitted that by signing
the stipulation, the State did not have to prove up the convictions and he would avoid
discussion of his other priors. The State offered the stipulation of those convictions into
evidence. Smith specifically stated, “We have no objection to the stipulation.” The stipulation
was admitted. Smith cannot now complain that one of those convictions was too remote to
use. And he certainly should not be acquitted on this issue. 
      Section 49.09(e) is not an element of felony DWI; it is more like a rule of admissibility.
Weaver v. State, 87 S.W.3d 557, 561 (Tex. Crim. App. 2002). The situation in this case and
the issue raised by Smith on appeal has already been decided, twice, by the First Court of
Appeals in Houston; and in each case, the Court of Criminal Appeals refused a petition for
discretionary review. See St. Clair v. State, 101 S.W.3d 737, 740 (Tex. App.—Houston [1st
Dist.] 2003, pet. ref’d); Bower v. State, 77 S.W.3d 514, 518 (Tex. App.—Houston [1st Dist.]
2002, pet. ref’d). Houston was right; the majority of this court is wrong. And I respectfully
dissent.
 
                                                                   TOM GRAY
                                                                   Chief Justice

Dissenting opinion delivered and filed March 24, 2004
Publish