**Rodney Camile SMITH, Appellant,**

v.

**The STATE of Texas.**

No. 0755–04.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 2, 2005.

Stephen Christopher Taylor, Humble,
for Appellant.

Jeffrey L. Van Horn, First Asst. State
Atty., Matthew Paul, State's Atty., Austin,
for State.

## OPINION

KELLER, P.J., delivered the opinion of
the Court in which PRICE, WOMACK,
KEASLER, HERVEY, HOLCOMB, and
COCHRAN, JJ., joined.

When a defendant stipulates to the two
prior convictions necessary to establish the
predicate for felony DWI, can an appellate
court properly hold the evidence legally
insufficient on the ground that one of the
prior convictions is too remote in time and
the record contains no evidence of an in-
tervening conviction?  We hold that the
answer is "no" and reverse the judgment
of the Court of Appeals.

### I.  BACKGROUND

#### A.  Trial

Appellant and the State stipulated to the
two prior convictions needed to raise a
Driving While Intoxicated (DWI) offense
from a misdemeanor to a felony.[1]  The
written stipulation provided:

> I, Rodney Camile Smith, am the identi-
> cal person named in the indictment in
> the above styled and numbered cause;
> and I have read the same and hereby
> agree and confess that:

> "On February 28, 1983, in the County
> Criminal Court at Law No. 4 of Harris
> County, Texas, in cause No. 685–779, I
> was convicted of the offense of Driving
> While Intoxicated; and

> "On April 24, 1990, in the 258th District
> Court of Polk County, Texas, in Cause
> No. 12,255, I was convicted of the of-
> fense of Driving While Intoxicated."

---

1.  *See* TEX. PEN. CODE § 49.09

At the beginning of the guilt-innocence stage of trial, the following colloquy took place between appellant and his counsel:

> [DEFENSE COUNSEL]: Mr. Smith, the trial has not started yet this morning; but we have talked today about the advisability of stipulating to two prior DWI convictions rather than have the State prove up the DWI convictions and running the risk of other things coming in that would be counter productive to our position. Do you agree with that?
>
> [APPELLANT]: Yes, sir.
>
> [DEFENSE COUNSEL]: And by signing this, you're admitting that they don't have to prove up these two things; and we don't get into the issue of your priors at this trial, okay?
>
> [APPELLANT]: Okay.
>
> [DEFENSE COUNSEL]: Is that your agreement?
>
> [APPELLANT]: Yes, sir.

No other evidence of any prior conviction was admitted during the guilt-innocence stage of trial.

### B. Appeal

The Court of Appeals found that the evidence conclusively established that more than ten years elapsed between the date the 1983 offense was committed and the date of the primary offense, September 4, 1999.[2] The Court of Appeals further concluded that the State did not prove the date on which the 1990 conviction was *committed* (April 24, 1990 being the date of *judgment*), and therefore, the State did not prove that the 1990 conviction was a qualifying intervening conviction (one that was committed within ten years of the primary offense), as required to establish felony DWI by the DWI enhancement scheme in effect in appellant's case. The intermediate appellate court quoted our pronouncement from *Weaver v. State*[3] that "[t]he State must, however, at some point during its case-in-chief, submit proof of the intervening conviction to the trial court."[4] The Court of Appeals held that, by failing to show that the 1990 conviction was a qualifying intermediate conviction, the State failed to prove that the 1983 offense could be used as a prior conviction for enhancement under Penal Code § 49.09(e).[5] The Court of Appeals reversed the conviction and rendered a judgment of acquittal.[6]

Chief Justice Gray dissented, stating that he could not "agree to reverse a conviction because of something the defendant wanted."[7] The dissent pointed out that appellant admitted on the record that the State would not have to prove up the prior convictions and that appellant would avoid a discussion of his priors.[8] As a result of this state of affairs, the dissent concluded, appellant "cannot now complain that one of those convictions was too remote to use."[9] The dissent cited *Weaver* for the proposition that the "remoteness" provision, § 49.09(e), "is not an element of felony DWI ... [but] is more like a rule of admissibility."[10]

---

2. *Smith v. State*, 135 S.W.3d 198, 201 (Tex. App.-Waco 2004).

3. 87 S.W.3d 557 (Tex.Crim.App.2002).

4. *Smith*, 135 S.W.3d at 201 (quoting *Weaver*, 87 S.W.3d at 561).

5. *Id.*

6. *Id.* at 202.

7. *Id.* (Gray, C.J., dissenting).

8. *Id.*

9. *Id.*

10. *Id.* (citing *Weaver*, 87 S.W.3d at 561).

## II. ANALYSIS

In *Weaver*, the prior convictions element of felony DWI was contested.[11] It was this contested context that prompted our remark that a qualifying intervening conviction must be presented to the trial court during the State's case-in-chief.[12] Even so, we specifically held that the existence of a qualifying intervening conviction was *not* an element of the offense of felony DWI but more akin to a rule of admissibility, and therefore, the qualifying intervening conviction did not need to be submitted to the jury.[13]

In this case, the prior convictions element was not contested but was instead confessed to by stipulation. Under these circumstances, appellant has lost the ability to complain about the remoteness of the prior conviction.[14]

The judgment of the Court of Appeals is reversed, and the case is remanded to that court to address appellant's remaining points of error.

JOHNSON, J., filed a concurring opinion.

MEYERS, J., did not participate.

JOHNSON, J., a concurring.

I concur in the judgment of the Court. However, I believe that the advice of counsel, which resulted in the stipulation at issue here, may sink to the level of ineffective assistance of counsel, depending on the date of the commission of the 1990 conviction. Neither the indictment nor the record, including the stipulation, aids us in determining that date.

The instant offense occurred on September 4, 1999. The conviction date for the next previous offense is April 24, 1990. Given that there is always a period of time between commission of an offense and a resulting conviction, it is at least conceivable that the commission of the offense, which is the critical date, occurred before September 4, 1989, and thus falls outside the statutory limitation of ten years. TEX. PENAL CODE, § 49.09(e)(1999). Appellee, in his brief, asserts that the date in question is September 3, 1989, one day beyond the ten-year limit. That, however, is an issue to be raised on an application for habeas corpus.

---

11. 87 S.W.3d at 558–559.

12. *See Id.* at 561.

13. *Id.*

14. Indeed, stipulating to the priors to avoid the introduction of damaging evidence (i.e. under *Tamez v. State*, 11 S.W.3d 198 (Tex. Crim.App.2000)) arguably rises to the level of estoppel, when it comes to challenging the legitimacy of using those priors. *See Arroyo v. State*, 117 S.W.3d 795, 798 (Tex.Crim.App.2003)(discussing *State v. Yount*, 853 S.W.2d 6, (Tex.Crim.App.1993) and *Prystash v. State*, 3 S.W.3d 522 (Tex.Crim. App.1999)).