**Mickey Lee GORDON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–03–00121–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Jan. 3, 2005.

Decided March 9, 2005.

O.W. Loyd, Gilmer, for appellant.

Christopher Parker, Martin E. Braddy, Asst. Dist. Attys., Sulphur Spring, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

OPINION

Opinion by Chief Justice MORRISS.

It was early morning in Hopkins County, during the middle of 2002, when Sheriff's Deputy Johnny Williams received a dispatch call to watch for a tractor-trailer truck being driven erratically westbound on Interstate 30. Williams spotted the truck and watched it weave and cross over both the "fog line" and the "center line" several times. After stopping the truck, Williams noticed that its driver, Mickey Lee Gordon, smelled strongly of alcohol, had slurred speech, and could not stand without swaying. Williams asked Gordon to perform two field sobriety tests on site.

Gordon failed both and then refused to take an Intoxilyzer examination.

A Hopkins County jury found Gordon guilty of felony driving while intoxicated (DWI) and assessed punishment at ten years' imprisonment. Gordon appeals, alleging (1) the evidence is legally and factually insufficient to support the jury's verdict, and (2) Gordon's prior DWI convictions were too remote to be used to enhance the offense to a felony. We affirm the judgment.

*1. Legally and Factually Sufficient Evidence Supports the Judgment*

■ Gordon argues that the evidence is insufficient because State Trooper George Harris testified he had not personally observed Gordon operating a motor propelled vehicle, had not conducted any field sobriety tests, and had not collected any breath or blood samples from Gordon. Deputy Williams, on the other hand, had personal knowledge of the facts and testified at trial. The evidence was both legally and factually sufficient.

In our review of the legal sufficiency of the evidence, we employ the standards set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Thus, we view the relevant evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000). In our review, we must evaluate all of the evidence in the record, both direct and circumstantial, whether admissible or inadmissible. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim.App.1999).

A person commits the offense of felony DWI if he or she operates a motor vehicle while "not having normal use of mental or physical faculties by reason of the introduction of alcohol" and has previously been convicted of at least two prior DWIs. *See* TEX. PEN.CODE ANN. §§ 49.01(3), 49.04 (Vernon 2003); § 49.09 (Vernon Supp.2004–2005). Gordon stipulated to two prior convictions for DWI.

Considered in a light most favorable to the prosecution, a rational juror could have found Gordon guilty beyond a reasonable doubt. Deputy Williams saw Gordon's truck weave several times and fail to stay within its lane. Deputy Williams smelled a strong scent of alcohol on Gordon and noticed his speech was slurred. Gordon failed both the walk-and-turn and one-leg-stand field sobriety tests administered at the scene. Deputy Williams was trained to administer the field sobriety tests. Additional field sobriety tests were conducted later at the sheriff's office. Gordon's performance on the one-leg-stand test and the walk-and-turn test, as well as numerous nonresponsive and incoherent statements he made, indicated that Gordon did not have normal use of his mental or physical faculties by reason of the introduction of alcohol. During the walk-and-turn test, Gordon almost fell over and had to catch himself on the counter during the test. The record includes a videotape of the sobriety tests conducted at the sheriff's office.

Trooper Harris was asked by Deputy Williams to help with Gordon's paperwork and to give Gordon the Intoxilyzer test. At the sheriff's office, Harris detected a "fairly heavy" odor of alcohol coming from Gordon, noticed Gordon's speech was slurred, and observed Gordon had bloodshot eyes. Gordon refused to provide a breath specimen for the Intoxilyzer test.

A rational juror could have found all of the elements of the offense proven beyond a reasonable doubt. Therefore, the evidence was legally sufficient.

In a factual sufficiency review, the appellate court views all the evidence in a neutral light and determines whether the evidence supporting the verdict is too weak to support the finding of guilt beyond a reasonable doubt or if evidence contrary to the verdict is strong enough that the beyond-a-reasonable-doubt standard could not have been met. *Threadgill v. State*, 146 S.W.3d 654, 664 (Tex.Crim.App.2004) (citing *Zuniga v. State*, 144 S.W.3d 477, 486 (Tex.Crim.App.2004)). If the evidence is factually insufficient, then we must reverse the judgment and remand for a new trial. *Clewis v. State*, 922 S.W.2d 126, 135 (Tex.Crim.App.1996).

Although Trooper Harris did not have personal knowledge of Gordon's operation of a motor vehicle, Deputy Williams did. Neither is the evidence too weak to support the finding of guilt beyond a reasonable doubt, nor is the contrary evidence strong enough that the State could not have met its burden of proof. The evidence is legally and factually sufficient.

## 2. Gordon Cannot Complain About the Remoteness of the Prior DWI Convictions

Gordon argues that one of the prior DWI convictions, used to jurisdictionally enhance the DWI offense to a felony, is too remote to be so used. Section 49.09 of the Texas Penal Code provides that, on proof of two prior DWI convictions, the offense is elevated to a third-degree felony, supporting a two- to ten-year range of punishment. TEX. PEN.CODE ANN. § 49.09. The State alleged that Gordon had been convicted of two prior DWIs. Gordon signed a written stipulation to two prior convictions. In addition, the State presented evidence of another DWI conviction in 1995. Gordon argues that jurisdictional matters may not be waived and that parties may not confer jurisdiction on a court. *See State v. Wheeler*, 790 S.W.2d 415, 416 (Tex.App.-Amarillo 1990, no pet.); *cf. Tamez v. State*, 980 S.W.2d 845, 847 (Tex.App.-San Antonio 1998), *rev'd on other grounds*, 11 S.W.3d 198 (Tex.Crim.App.2000) (holding that defendant could stipulate to prior DWI convictions).

The Texas Court of Criminal Appeals has very recently addressed this exact issue. The requirement that the prior convictions not be too remote is not an element of the offense but "more akin to a rule of admissibility." *Smith v. State*, 158 S.W.3d 463 (Tex.Crim.App.2005); *see Weaver v. State*, 87 S.W.3d 557, 561 (Tex. Crim.App.2002). In *Smith*, the Texas Court of Criminal Appeals held that, when a defendant stipulates to prior DWI convictions, the "appellant has lost the ability to complain about the remoteness of the prior conviction." *Smith*, 158 S.W.3d at 465. Further, the convictions were admissible under the current version of Section 49.09 because the State presented proof of another conviction in 1995.[1] Since Gordon

1. *See* TEX. PEN.CODE ANN. § 49.09; *see also Getts v. State*, 155 S.W.3d 153 (Tex.Crim.App. 2005). The 1995 felony DWI conviction was within ten years of the latest date under subdivision (2). The two cases cited by Gordon for the proposition that both convictions must be within ten years of the current conviction involve the prior version of Section 49.09. *See Smith v. State*, 1 S.W.3d 261, 263 (Tex. App.-Texarkana 1999, pet. ref'd) (noting that we erred in *Renshaw*); *Renshaw v. State*, 981 S.W.2d 464, 467 (Tex.App.-Texarkana 1998, pet. ref'd). While the prior statute required one of the offenses alleged or proof of another intervening intoxication-related offense to be committed within ten years of the commission of the current offense, the amended statute requires that "the person has not been convicted of an offense under Section 49.04, 49.05, 49.06, 49.065, 49.07, or 49.08 or any offense related to operating a motor vehicle while intoxicated within 10 years of the latest date under Subdivision (2)" in order to bar use of the remote conviction. *Compare* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3697, *amended by* Act of May 25, 2001, 77th Leg., R.S., ch.

cannot complain about the remoteness of the prior convictions and the convictions would have been admissible, we overrule Gordon's point of error.

We affirm the judgment of the trial court.

648, § 2, 2001 Tex. Gen. Laws 1214 (effective September 1, 2001); *see Weaver*, 87 S.W.3d at 561.