In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00121-CR
______________________________


MICKEY LEE GORDON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 8th Judicial District Court
Hopkins County, Texas
Trial Court No. 0216761


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N

            It was early morning in Hopkins County, during the middle of 2002, when Sheriff's Deputy
Johnny Williams received a dispatch call to watch for a tractor-trailer truck being driven erratically
westbound on Interstate 30. Williams spotted the truck and watched it weave and cross over both
the "fog line" and the "center line" several times. After stopping the truck, Williams noticed that its
driver, Mickey Lee Gordon, smelled strongly of alcohol, had slurred speech, and could not stand
without swaying. Williams asked Gordon to perform two field sobriety tests on site. Gordon failed
both and then refused to take an Intoxilyzer examination.
            A Hopkins County jury found Gordon guilty of felony driving while intoxicated (DWI) and
assessed punishment at ten years' imprisonment. Gordon appeals, alleging (1) the evidence is legally
and factually insufficient to support the jury's verdict, and (2) Gordon's prior DWI convictions were
too remote to be used to enhance the offense to a felony. We affirm the judgment.
1. Legally and Factually Sufficient Evidence Supports the Judgment
            Gordon argues that the evidence is insufficient because State Trooper George Harris testified
he had not personally observed Gordon operating a motor propelled vehicle, had not conducted any
field sobriety tests, and had not collected any breath or blood samples from Gordon. Deputy
Williams, on the other hand, had personal knowledge of the facts and testified at trial. The evidence
was both legally and factually sufficient.
            In our review of the legal sufficiency of the evidence, we employ the standards set forth in
Jackson v. Virginia, 443 U.S. 307, 319 (1979). Thus, we view the relevant evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000). In our review, we must evaluate all of the evidence in the record, both direct and
circumstantial, whether admissible or inadmissible. Dewberry v. State, 4 S.W.3d 735, 740 (Tex.
Crim. App. 1999).
            A person commits the offense of felony DWI if he or she operates a motor vehicle while "not
having normal use of mental or physical faculties by reason of the introduction of alcohol" and has
previously been convicted of at least two prior DWIs. See Tex. Pen. Code Ann. §§ 49.01(3), 49.04
(Vernon 2003); § 49.09 (Vernon Supp. 2004–2005). Gordon stipulated to two prior convictions for
DWI. 
            Considered in a light most favorable to the prosecution, a rational juror could have found
Gordon guilty beyond a reasonable doubt. Deputy Williams saw Gordon's truck weave several times
and fail to stay within its lane. Deputy Williams smelled a strong scent of alcohol on Gordon and
noticed his speech was slurred. Gordon failed both the walk-and-turn and one-leg-stand field
sobriety tests administered at the scene. Deputy Williams was trained to administer the field sobriety
tests. Additional field sobriety tests were conducted later at the sheriff's office. Gordon's
performance on the one-leg-stand test and the walk-and-turn test, as well as numerous nonresponsive
and incoherent statements he made, indicated that Gordon did not have normal use of his mental or
physical faculties by reason of the introduction of alcohol. During the walk-and-turn test, Gordon
almost fell over and had to catch himself on the counter during the test. The record includes a
videotape of the sobriety tests conducted at the sheriff's office. 
            Trooper Harris was asked by Deputy Williams to help with Gordon's paperwork and to give
Gordon the Intoxilyzer test. At the sheriff's office, Harris detected a "fairly heavy" odor of alcohol
coming from Gordon, noticed Gordon's speech was slurred, and observed Gordon had bloodshot
eyes. Gordon refused to provide a breath specimen for the Intoxilyzer test. 
            A rational juror could have found all of the elements of the offense proven beyond a
reasonable doubt. Therefore, the evidence was legally sufficient.
            In a factual sufficiency review, the appellate court views all the evidence in a neutral light
and determines whether the evidence supporting the verdict is too weak to support the finding of
guilt beyond a reasonable doubt or if evidence contrary to the verdict is strong enough that the
beyond-a-reasonable-doubt standard could not have been met. Threadgill v. State, 146 S.W.3d 654,
664 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477, 486 (Tex. Crim. App. 2004)). 
If the evidence is factually insufficient, then we must reverse the judgment and remand for a new
trial. Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996).
            Although Trooper Harris did not have personal knowledge of Gordon's operation of a motor
vehicle, Deputy Williams did. Neither is the evidence too weak to support the finding of guilt
beyond a reasonable doubt, nor is the contrary evidence strong enough that the State could not have
met its burden of proof. The evidence is legally and factually sufficient.
2. Gordon Cannot Complain About the Remoteness of the Prior DWI Convictions
            Gordon argues that one of the prior DWI convictions, used to jurisdictionally enhance the
DWI offense to a felony, is too remote to be so used. Section 49.09 of the Texas Penal Code
provides that, on proof of two prior DWI convictions, the offense is elevated to a third-degree felony,
supporting a two- to ten-year range of punishment. Tex. Pen. Code Ann. § 49.09. The State alleged
that Gordon had been convicted of two prior DWIs. Gordon signed a written stipulation to two prior
convictions. In addition, the State presented evidence of another DWI conviction in 1995. Gordon
argues that jurisdictional matters may not be waived and that parties may not confer jurisdiction on
a court. See Wheeler v. State, 790 S.W.2d 415, 416 (Tex. App.—Amarillo 1990, no pet.); cf. Tamez
v. State, 980 S.W.2d 845, 847 (Tex. App.—San Antonio 1998), rev'd on other grounds, 11 S.W.3d
198 (Tex. Crim. App. 2000) (holding that defendant could stipulate to prior DWI convictions).
            The Texas Court of Criminal Appeals has very recently addressed this exact issue. The
requirement that the prior convictions not be too remote is not an element of the offense but "more
akin to a rule of admissibility." Smith v. State, No. PD-0755-04, 2005 Tex. Crim. App. LEXIS 151
(Tex. Crim. App. Feb. 2, 2005); see Weaver v. State, 87 S.W.3d 557, 561 (Tex. Crim. App. 2002). 
In Smith, the Texas Court of Criminal Appeals held that, when a defendant stipulates to prior DWI
convictions, the "appellant has lost the ability to complain about the remoteness of the prior
conviction." Smith, 2005 Tex. Crim. App. LEXIS 151 at *5–6. Further, the convictions were
admissible under the current version of Section 49.09 because the State presented proof of another
conviction in 1995.


 Since Gordon cannot complain about the remoteness of the prior convictions
and the convictions would have been admissible, we overrule Gordon's point of error.
            We affirm the judgment of the trial court.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          January 3, 2005
Date Decided:             March 9, 2005

Publish