IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-627-04






CLARENCE RANDOLPH BRYANT, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


BOSQUE COUNTY





 Meyers, J., filed a dissenting opinion.


 
 

 It seems apparent from the State's first two grounds for review that when the
parties prepared the stipulation involved in this case, they were not aware that Texas law
either had or would soon have the concept of judicial admissions. (1) The majority indicates
that this doctrine needs to be part of our jurisprudence and that it acts in a manner similar
to a judicial confession. I would hope and presume that it encompasses all of the same
procedural prerequisites, safeguards, and waiver that accompany a judicial confession. 
See, majority opinion page 6, footnote 7. (2) While the State now seeks to prevent the
defendant from contesting the sufficiency of the evidence because of the stipulation, they
fail to show that the preparation of the stipulation was done for any purpose other than to
inform the jury of the two prior DWI convictions. What is clear is that, as seen by the
dialogue quoted beginning on page 2 of the majority opinion, prior to the trial of this case,
the parties carefully drafted a stipulation which was crafted in order to inform the jury of
only two prior DWI convictions by the defendant. It is apparent that this was the intent of
both the defendant and the State. After the stipulation was completed, it was handed to
the judge, but was never entered into evidence.

 Regardless of the validity or conclusiveness that the concept of judicial admission
brings to bear on a sufficiency analysis, (3) this is not the exclusive vehicle to prove the
necessary enhancing prior DWI judgments. Before the broadened concepts introduced in
this case and in Tamez v. State, 11 S.W.3d 198 (Tex. Crim. App. 2000), and its progeny, I
would bet that the entire criminal appellate and trial community felt that the stipulation
had to be introduced into evidence at guilt, either verbally, or in written form and then
become part of the evidence for the jury to review. (4) Certainly the majority's innovation
does not preclude this traditionally accepted method of informing the jury of the previous
DWI convictions. But that is the whole point; neither the State nor the Defendant
considered that they had implemented a judicial admission herein. The State's second
ground for review clearly reflects this, and I find it somewhat disingenuous that they now
claim, in their first ground for review, that the defendant is estopped from making his
sufficiency appeal. If anything, the defendant relied totally on the State to introduce the
stipulation into evidence because it was their burden. Certainly the defendant would not
have offered the stipulation since its absence from the evidence should have alerted the
trial judge to give the jury an instruction on the lesser-included offense of misdemeanor
DWI. Somewhere along the line, the trial judge and the State recognized, albeit too late,
that the jury had not been informed about the stipulation before the close of evidence. 
What is equally apparent and certainly more conclusive is that there had not been a
judicial admission by the defendant. The trial court's attempt to make the evidence
sufficient by the instruction to the jury is not contemplated by any rules of evidence or
appellate procedure that I am aware of. 

 Because I am not convinced that Texas jurisprudence should now be bound by the
ruling of a Federal D.C. Circuit case, and because the facts herein simply do not follow
that authority, I respectfully dissent.

 Meyers, J.

Filed: April 6, 2005

Publish

1. There is nothing in the Texas Code of Criminal Procedure addressing a judicial
admission. 
2. I am speaking specifically as to how much detail is involved: whether the judge is the
exclusive finder of the sufficiency of the stipulation; the procedures for placing a stipulation into
evidence; whether the defendant is allowed to have appellate review; whether it is voluntary, etc. 
3. The majority seems to indicate that the judicial admission removes from the jury's
consideration whatever elements of the crime that are included within the stipulation. See
majority opinion page 10, stating that Bryant waived "his right to put the government to its proof
of that element." 
4. In fact, a transcript of Smith v. State, 158 S.W.3d 463 (Tex. Crim. App. 2005), delivered
one month ago shows the following:

 [STATE] Your Honor, before I proceed with the witness, I have one exhibit that I
would like to have marked and offered into evidence at this time.

 [DEFENSE] We have no objection to the stipulation.

 (State's Exhibit one marked for identification)

 [DEFENSE] What number is it?

 [THE COURT] All right. State's Exhibit 1 is admitted into evidence. 

 [STATE] Can I briefly summarize what this is for the members of the jury?

 [THE COURT] Yes.

 [STATE] Ladies and gentlemen, before trial today the defendant signed what is
called a stipulation of evidence. Basically it agrees and confesses with his
signature on it that he has twice been previously convicted of DWI. 
Specifically on February 28th, 1993, in County Criminal Court at Law No.
4 of Harris County, Texas; in Cause Number 685,779, the defendant
admits he was convicted of DWI; and second, on April 24, 1990 in the
258th District Court of Polk County, Texas, in Cause Number 12,255, the
defendant again admits that he was convicted of the offense of Driving
While Intoxicated.