Opinion issued May 13, 2010




     











In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00908-CR




DONALD WAYNE HEROD, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 1152281




MEMORANDUM OPINION

          A jury convicted appellant, Donald Wayne Herod, of driving while
intoxicated.


 Appellant’s charge was elevated to a felony offense due to two prior
convictions for the same offense.


 The trial court found the two enhancement
paragraphs true and assessed punishment at 50 years’ imprisonment. In one point of
error, appellant contends that the evidence is not legally sufficient to support the
jury’s verdict because there is no evidence to support a finding that appellant had two
prior convictions for driving while intoxicated. 
          We affirm.
BACKGROUND
          On February 4, 2008, at approximately 3:00 p.m., Officer M. Mills of the
Pasadena Independent School District Police saw appellant approach the intersection
of Chestnut Lane and Dallas Street, near Mae Smythe Elementary School and Sam
Rayburn High School, in Harris County, Texas.


 As Officer Mills watched, appellant
drove through a controlled intersection, lost control of his vehicle, crossed through
oncoming traffic, and “struck a set of bushes” growing next to a sidewalk. Officer
Mills turned on his lights and sirens and began to approach appellant’s vehicle. 
Before Officer Mills could reach him, appellant backed his truck out of the bushes
and drove east on Dallas Street. Appellant drove through two more stop signs,
narrowly missing a daycare bus, and did not stop until traffic from a red light forced
him to do so.
          After appellant stopped his truck, Officer Mills approached, noticed that
appellant was the only person in the truck, and pulled him from it. After Officer Mills
had removed him from his truck, appellant protested, stating, “I wasn’t driving.” 
Officer Mills attempted to perform field sobriety tests on appellant, but he was
unable to do so because of appellant’s condition. He then detained appellant and
placed him in the back of his patrol car. Other officers arrived to assist Officer Mills. 
Inside appellant’s vehicle, the officers found a two-liter bottle of Coke and a bottle
of Everclear.
          Officer Mills drove appellant to the South Houston Police Department. There,
Sergeant J. Kraatz attempted to administer sobriety tests to appellant, but he refused
to submit to them. The officers read appellant his statutory rights and arrested him. 
          The State indicted appellant for driving while intoxicated and enhanced the
charge based on two alleged prior convictions for the same offense. Appellant’s
indictment alleged that he had been convicted of driving while intoxicated on
November 17, 1993 and on September 8, 1987. At trial, appellant entered a plea of
“not guilty,” and he entered a plea that the enhancement paragraphs were “not true.” 
However, on the day of his trial, appellant signed a written stipulation to the two prior
convictions for driving while intoxicated alleged in his indictment. His stipulation,
dated October 15, 2008, states:
 The above named Defendant in the above styled cause waives the
right to the appearance, confrontation and cross-examination of
witnesses against the defendant. Defendant consents to the following
written stipulation of evidence regarding the above styled cause:
 The Defendant hereby stipulates that:
 
 On NOVEMBER 17, 1993, in the 230th District Court of Harris
County, Texas, in Cause Number 0678796, the Defendant was convicted
of the offense of DWI.
 
 On SEPTEMBER 8, 1987, in the 185th District Court of Harris
County, Texas, in Cause Number 0476691, the Defendant was convicted
of the offense of DWI.

The State called Officer Mills and Sergeant Kraatz, both of whom testified to
appellant’s inebriation; the defense did not call any witnesses. The jury found
appellant guilty. The trial court found the two enhancement paragraphs true and
assessed punishment at 50 years’ imprisonment.
ANALYSIS
          In one point of error, appellant contends that the evidence is not legally
sufficient to support the jury’s verdict because there is no evidence to support a
finding that appellant was twice before convicted of driving while intoxicated.
Appellant bases his contention on four arguments: (1) the stipulation is deficient
because it does not say that the evidence will prove the content of the stipulation;
(2) the stipulation created no evidentiary support for the State’s case because there
was no agreement about the truthfulness of evidence; (3) the stipulation did not waive
the need for proof of appellant’s two previous DWI convictions; and (4) the
stipulation only alleged that the prior convictions were for “DWI” and not “driving
and operating a motor vehicle while intoxicated.”
A.     Standard of Review
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. 
Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000). This standard is applied to both direct and
circumstantial evidence, and it measures evidentiary sufficiency against the
substantive elements of the criminal offense as defined by state law. “When the
record supports conflicting inferences, we presume that the factfinder resolved the
conflicts in favor of the prosecution and therefore defer to that determination.” 
Clayton, 235 S.W.3d at 778.
B.     Proof of Prior Convictions
          Appellant contends that the evidence establishing the indictment’s
jurisdictional paragraph was inadequate to prove he had two prior convictions for
driving while intoxicated. To establish that a defendant has been convicted of a prior
offense, the State must prove beyond a reasonable doubt that (1) a prior conviction
exists and (2) the defendant is linked to that conviction. Flowers v. State, 220 S.W.3d
919, 923 (Tex. Crim. App. 2007). However, the State is not required to produce a
specific document or specific proof to establish these two elements because “[t]here
is no ‘best evidence’ rule in Texas that requires that the fact of a prior conviction be
proven with any document, much less any specific document.” Id. at 921. Flowers
stated: 
While evidence of a certified copy of a final judgment and sentence may
be a preferred and convenient means, the State may prove both of these
elements in a number of different ways, including (1) the defendant’s
admission or stipulation, (2) testimony by a person who was present
when the person was convicted of the specified crime and can identify
the defendant as that person, or (3) documentary proof (such as a
judgment) that contains sufficient information to establish both the
existence of a prior conviction and the defendant’s identity as the person
convicted. 

Id. at 921–22. 

          Further, neither the Texas Code of Criminal Procedure nor the Texas Penal
Code requires prior convictions to be proven in a specific way. Tex. Code Crim.
Proc. Ann. art. 37.07 (Vernon 2005) (providing that evidence may be offered as to
“any matter the court deems relevant to sentencing, including but not limited to the
prior criminal record of the defendant, his general reputation, his character, an
opinion regarding his character, [and] the circumstances of the offense for which he
is being tried”); Tex. Penal Code Ann. § 12.42 (Vernon 2003) (providing
sentencing requirements for repeat offenders). 
          1.       Stipulation’s Failure to State that the Evidence Would Prove the
Contents of the Stipulation

          Appellant first argues that the stipulation did not state that the evidence would
prove the contents of the stipulation and thus violated Article 1.15 of the Texas Code
of Criminal Procedure, which, in relevant part, states:
No person can be convicted of a felony except upon the verdict of a jury
duly rendered and recorded, unless the defendant, upon entering a plea,
has in open court in person waived his right of trial by jury in writing in
accordance with Articles 1.13 and 1.14. . . . The evidence may be
stipulated if the defendant in such case consents in writing, in open
court, to waive the appearance, confrontation, and cross-examination of
witnesses, and further consents either to an oral stipulation of the
evidence and testimony or to the introduction of testimony by affidavits,
written statements of witnesses, and any other documentary evidence in
support of the judgment of the court. Such waiver and consent must be
approved by the court in writing, and be filed in the file of the papers of
the cause.
 
Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005). According to its plain
language and the relevant case law, article 1.15 applies only to cases in which a jury
trial has been waived. Wright v. State, 28 S.W.3d 526, 537 (Tex. Crim. App. 2000);
Landers v. State, 720 S.W.2d 538, 540 (Tex. Crim. App. 1986). Here, appellant’s
case was tried by a jury, and therefore article 1.15 does not apply. See Wright, 28
S.W.3d at 537. 
          2.       Inadequate Stipulation
          In his second and third arguments, appellant contends that his stipulation did
not provide evidentiary support for the State’s case and that “the stipulation did not
waive the need for proof and, having failed to admit any form of evidence to
substantiate its jurisdictional paragraphs, the evidence was legally insufficient.”
          “A defendant in a criminal case may stipulate to evidence against him. If the
defendant elects to do this, his stipulation is a kind of judicial admission.” Bryant v.
State, 187 S.W.3d 397, 400 (Tex. Crim. App. 2005). Judicial admissions remove the
need for the State to provide proof of the facts a defendant stipulates to. Id. at 402;
Martin v. State, 200 S.W.3d 635, 641 (Tex. Crim. App. 2006). When a defendant
makes a stipulation, he may not complain on appeal that the State failed to prove the
element to which he stipulated. Bryant, 187 S.W.3d at 402. A stipulation is
sufficient for the State to prove a prior conviction. Flowers, 220 S.W.3d at 921–22; 
Smith v. State, 158 S.W.3d 463, 465 (Tex. Crim. App. 2005). 
          Here, appellant stipulated in writing to the two convictions for driving while
intoxicated alleged in his indictment. Because appellant stipulated to the two prior
convictions, he surrendered the opportunity to complain that the State did not produce
adequate evidence of these convictions. See Bryant, 187 S.W.3d at 400; Smith, 158
S.W.3d at 463. Further, a stipulation is sufficient evidence for the State to prove a
prior conviction. Flowers, 220 S.W.3d at 921–22. Therefore, we conclude that
appellant’s stipulation is sufficient to support his conviction. See Flowers, 220
S.W.3d at 921; Smith, 158 S.W.3d at 465; Bryant, 187 S.W.3d at 400. 
 
          3.       Ambiguous Stipulation
          Lastly, while appellant admits he stipulated to two prior convictions for DWI,
he argues that the stipulation only alleges that the prior convictions were for “DWI”
and not “driving and operating a motor vehicle while intoxicated.” Specifically,
appellant alleges that, because the stipulation fails to explain what “DWI” means, the
stipulation is ambiguous and, therefore, not valid. 
          Appellant argues that the use of “DWI” instead of “driving and operating a
motor vehicle while intoxicated” is ambiguous. We disagree. Appellant is correct
in stating that the stipulation of evidence does not define “DWI.” However, he offers
no evidence that any other meaning could be construed from the term besides
“driving and operating a motor vehicle while intoxicated.” Black’s Law Dictionary
defines “DWI” as an abbreviation for “driving while intoxicated,” but does not
indicate that “DWI” means anything else. Black’s Law Dictionary 582 (9th ed.
2009). Additionally, throughout Texas case law, “DWI” is used interchangeably with
“driving and operating a motor vehicle while intoxicated.” See, e.g., Curtis v. State,
238 S.W.3d 376, 377 (Tex. Crim. App. 2007); Phillips v. State, 992 S.W.2d 491, 492
(Tex. Crim. App. 1999). Therefore, we conclude that appellant’s stipulation was not
ambiguous and that this ground does not support appellant’s complaint.
          We conclude that a rational trier of fact could have found proof of the prior
convictions beyond a reasonable doubt, and we thus overrule appellant’s sole point
of error.        
CONCLUSION
          We affirm the judgment of the trial court.
 
 
                                                             Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Keyes, Sharp, and Massengale.
Do not publish. Tex. R. App. P. 47.2(b).