Steven Louis WEAVER, Appellant,

v.

The STATE of Texas.

No. 215101.

Court of Criminal Appeals of Texas, En banc.

Sept. 11, 2002.

Floyd W. Freed, III, Spring, for Appellant.

Jessica D'Anna, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

## OPINION

HOLCOMB, J., delivered the opinion of the Court, in which KELLER, P.J., and MEYERS, PRICE, WOMACK, KEASLER, HERVEY and COCHRAN, JJ., joined.

Texas Penal Code §§ 49.04 and 49.09(b) define felony driving while intoxicated (DWI) as DWI plus two prior intoxication-related convictions. For purposes of proving felony DWI, Texas Penal Code § 49.09(e) bars the State from using intoxication-related convictions that are more than ten years older than the instant offense ("remote convictions"), unless there exists another intoxication related conviction within ten years of the instant offense ("intervening conviction").[1] The Sixth Court of Appeals held that, where the two prior convictions alleged in the indictment are remote, the State must submit evidence of an intervening conviction to the jury, and that without such evidence the State "failed to prove an essential element of felony driving while intoxicated." *Weaver v. State*, 56 S.W.3d 896, 899 (Tex.App.Texarkana 2001). The issue in this case is whether the Sixth Court erred. We hold that it did.

### The Relevant Facts

On July 24, 2000, a Harris County grand jury indicted appellant, Steven Louis Weaver, for felony driving while intoxicated. *See* Tex. Pen.Code §§ 49.04, 49.09(b). The indictment alleged that appellant was driving while intoxicated on June 24, 2000, and that he had previously been convicted of the same offense on August 10, 1990, and January 17, 1984. Those prior offenses were actually committed on May 2, 1990, and November 23, 1983, respectively. Appellant entered a plea of not guilty, and the case was tried before a jury.

At trial, during the State's presentation of its case-in-chief, appellant objected to the admission of the prior DWI convictions alleged in the indictment. The trial court held a hearing on the matter outside the

---

1. An "intoxication related conviction" is, for purposes of § 49.09(e), a conviction for an offense under Texas Penal Code §§ 49.04, 49.05, 49.06, 49.065, 49.07, and 49.08 or "any offense related to operating a motor vehicle while intoxicated." Subsection (e)(2) (Section 49.09(e) has since been amended, and this provision is now in subsection (e)(3).)

presence of the jury. Appellant argued that, pursuant to Texas Penal Code § 49.09(e), the State must allege in the indictment and prove at trial that at least one of the prior DWI convictions used to enhance the offense from a misdemeanor to a felony occurred within ten years of the instant offense. Appellant argued further that since the prior DWI's alleged in the indictment occurred more than ten years before the instant offense, they were inadmissible for enhancement purposes. In response, the State explained that, in order to comply with § 49.09(e), it planned to introduce evidence of an intervening conviction outside the presence of the jury.[2] The State then presented to the court, outside the presence of the jury, evidence that appellant was convicted of DWI on February 17, 1997.[3] The trial court then overruled appellant's objection and denied his subsequent motion for an instructed verdict that was based on the same grounds as his objection.

The jury later found appellant guilty of felony DWI and assessed his punishment at imprisonment for thirty-nine years.

On appeal, appellant reiterated his argument that the prior DWI convictions alleged in the indictment were inadmissible.

The Sixth Court of Appeals agreed with appellant and held that the trial court erred in admitting evidence of the two prior DWI convictions alleged in the indictment. The court of appeals reasoned that unless one of the two convictions alleged in the indictment occurred within ten years of the instant offense, "the State has not met its burden of proof because it has failed to prove an essential element of felony driving while intoxicated." *Weaver*, 56 S.W.3d at 899; *see also, Rodriguez v. State*, 31 S.W.3d 359, 364 (Tex.App.-San Antonio 2000) (an intervening conviction is an element of the offense). We granted the State's petition for discretionary review to determine whether the court of appeals erred. *See* Tex.R.App.Proc. 66.3(b).[4]

In its brief to this Court, the State contends that by requiring the State to submit evidence of an intervening conviction before the jury, the court of appeals effectively held that § 49.09(e) is an element of the offense of felony DWI. The State further argues that: (1) § 49.09(e) is not an element of the offense, (2) § 49.09(e) is an "admissibility statute" that bars remote convictions only when no in-

---

2. At the beginning of the trial, appellant informed the court of his objection and sought a ruling. The court declined to make a prospective ruling and then explained to the State that, based upon their previous discussions, "what I anticipate happening is you're going to put on evidence and [appellant is] going to object or move for directed verdict and we'll have a little hearing where you offer in your prior [intervening] conviction and make your arguments...." Thus, it is clear that the State planned from the beginning to introduce evidence of the intervening conviction.

3. Appellant has never contested the validity of the 1997 DWI conviction.

4. We granted the following grounds for review:

(1) The court of appeals incorrectly interpreted Texas Penal Code § 49.09(e) by holding that it is an element of a felony while intoxicated offense, thereby requiring the State of Texas to present evidence before the jury of a prior intoxication related conviction occurring within ten years of the commission date of the charged felony while intoxicated offense.

(2) The court of appeals, after determining Texas Penal Code § 49.09(e) is an element of the offense, erred in reforming and remanding this case for punishment due to insufficiency of the evidence where the trial court erred in refusing to admit into evidence before the jury a conviction conforming with said section.

tervening conviction exists, and (3) offering proof of an intervening conviction in a hearing outside the presence of the jury is sufficient to comply with § 49.09(e).

*Analysis*

■ The elements of an offense must be charged in the indictment, submitted to the jury, and proven by the State beyond a reasonable doubt. *Jones v. U.S.*, 526 U.S. 227, 232, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999); *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). In Texas, an element of an offense is defined as: the forbidden conduct, the required culpability, any required result, and the negation of any exception to the offense. Tex. Pen.Code § 1.07(a)(22).

Texas Penal Code §§ 49.04[5] and 49.09(b)[6] together define the offense of felony driving while intoxicated. In *Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim.App.1999), we explained:

> The [two] prior intoxication-related offenses [referred to in § 49.09(b)], whether they are felonies or misdemeanors, serve the purpose of establishing wheth-

er the instant offense qualifies as felony driving while intoxicated. The prior intoxication-related offenses are elements of the offense of [felony] driving while intoxicated. They define the offense as a felony and are admitted into evidence as part of the State's proof of its case-in-chief during the guilt/innocence stage of the trial.

In other words, under our penal statutes, two (or more) prior intoxication-related offenses are *specific attendant circumstances* that serve to define, in part, the forbidden conduct of the crime of felony driving while intoxicated. *See* 1 W. La-Fave & A. Scott, *Substantive Criminal Law* § 1.2(c) (2d. ed.1986) (discussing the fact that the definitions of some offenses require the presence or absence of specific attendant circumstances). Thus, if a person, such as appellant, commits DWI with the requisite attendant circumstances (i.e., two or more prior intoxication-related offenses), then that person has committed felony DWI.

■ At the time of appellant's offense Section 49.09(e)[7], however, provided that:

> Except as provided by Subsection (f), a conviction may not be used for purposes of enhancement under this section if:
> (1) the conviction was a final conviction under Subsection (d);
> (2) the offense for which the person is being tried was committed more than 10 years after the latest of:
>   (A) the date on which the judgment was entered for the previous conviction;
>   (B) the date on which the person was discharged from any period of community supervision on which the person was placed for the previous conviction;
>   (C) the date on which the person successfully completed any period of parole on which the person was released after serving a portion of the term to which the person was sentenced for the previous conviction; or
>   (D) the date on which the person completed serving any term for which the per-

---

5. Section 49.04 provides, in relevant part:
    (a) A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place.
    (b) Except as provided by Subsection (c) and Section 49.09, an offense under this section is a Class B misdemeanor, with a minimum term of confinement of 72 hours.

6. Section 49.09(b), at the time the offense was committed, provided that: If it is shown on the trial of an offense under Section 49.04, 49.05, 49.06, or 49.065 that the person has previously been convicted two times of an offense relating to the operating of a motor vehicle while intoxicated, an offense of operating an aircraft while intoxicated, an offense of operating a watercraft while intoxicated, or the offense of operating or assembling an amusement ride while intoxicated, the offense is a felony of the third degree.

7. Subsection (e) was amended by the Legislature in 2001. The subsection now provides:

A conviction may not be used for purposes of enhancement under this section if:

(1) the conviction was a final conviction under Subsection (d) and was for an offense committed more than 10 years before the offense for which the person is being tried was committed; and

(2) the person has not been convicted of an offense under Section 49.04, 49.05, 49.06, 49.065, 49.07, or 49.08 or any offense relating to operating a motor vehicle while intoxicated committed within 10 years before the date on which the offense for which the person is being tried was committed.

In sum, a prior intoxication-related conviction may not be used as an element of the offense of felony DWI if that prior offense was committed more than ten years before the instant offense, unless there is an intervening intoxication-related conviction. That does not mean that the State, as the court of appeals held, must submit *to the jury* proof beyond a reasonable doubt of the intervening offense. To so hold would, in essence, create another element of the offense of felony DWI, and § 49.09(e) is not an element of that offense. That is, § 49.09(e) does not describe the forbidden conduct, the required culpability, any required result, nor does it create an exception to the offense.[8] *See* Tex. Pen.Code § 1.07(a)(22). Rather, § 49.09(e) bars the State, in certain circumstances, from proving all of the elements of the offense. In that sense, § 49.09(e) is more akin to a rule of admissibility, as opposed to an element of the offense. *Cf.* Tex.R. Evid.

609(b) (Providing that, as a general rule, convictions more than ten years old may not be used for impeachment purposes).

In order to charge a person with felony DWI, the State must allege in the indictment that the defendant has been convicted of at least two prior intoxication-related offenses. Where there are more than two prior convictions, the State should usually include in the indictment the two most recent convictions. However, if for some reason the State chooses not to allege the two most recent convictions in the indictment and those two convictions are more than ten years older than the instant offense, the State must comply with § 49.09(e).

Because § 49.09(e) is not an element of the offense, the State need not allege the intervening conviction in the indictment or submit it to the jury. The State must, however, at some point during its case-in-chief, submit proof of the intervening conviction to the trial court.

Here, during its case-in-chief, the State offered evidence of an intervening conviction. A fingerprint identification expert testified, in a hearing outside the presence of the jury, that appellant's fingerprints matched those contained in the penitentiary packet for the February 17, 1997, DWI conviction. The trial court then, upon the State's request, admitted the penitentiary packet into the record. This procedure sufficiently complied with the requirements of § 49.09(e). Therefore, the trial court did not err in allowing the State to admit into evidence the prior remote

---

son was confined or imprisoned for the previous conviction; and

(3) the person has not been convicted of an offense under Section 49.04, 49.05, 49.06, 49.065, 49.07, or 49.08 or any offense related to operating a motor vehicle while intoxicated within 10 years of the latest date under Subdivision (2).

8. Texas Penal Code § 2.02(a) provides that "an exception to an offense in this code is so labeled by the phrase: 'It is an exception to the application of....' " Subsection (e) is not so labeled.

DWI's alleged in the indictment, and the court of appeals erred in holding otherwise.

Accordingly, we reverse the judgment of the court of appeals and affirm the judgment of the trial court.

JOHNSON, J., filed a dissenting opinion.

JOHNSON, J., dissenting.

The TEX. PENAL CODE, § 49.09(e) prohibits use of a prior intoxication-related conviction which is more than 10 years old to increase the penalty for driving while intoxicated (DWI) to a felony unless there had been an intervening conviction for an intoxication-related offense committed within 10 years of the date of commission of the offense for which the defendant is being tried. The state may not increase the penalty by using such a remote prior intoxication-related conviction without submitting *to the jury* proof beyond a reasonable doubt of that intervening offense. *See Jones v. United States,* 526 U.S. 227, 232, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999).

We have specifically held that the prior intoxication-related offenses are "elements" of the offense of felony DWI. In *Gibson v. State,* 995 S.W.2d 693, 696 (Tex. Crim.App.1999), we stated, "[t]he prior intoxication-related offenses are elements of the offense of felony driving while intoxicated. They define the offense as a felony and are admitted into evidence as part of the State's proof of its case-in-chief during the guilt-innocence stage of the trial." We have also held that, in a felony DWI case, "[p]roof of the [jurisdictional prior] convictions is necessary in that the prior convictions are elements of felony DWI." *Robles v. State,* 85 S.W.3d 211, 214 (Tex.Crim. App.2002).

Because the prior DWI convictions are elements of felony DWI, the provisions of § 49.09(e), which set out precisely when a prior conviction for a intoxication-related offense may be used for purposes of enhancement, are more than merely "akin to a rule of admissibility." The Legislature has chosen to set limits on the use of remote convictions and thereby has modified that element of the offense, as it has also done in other statutes. For example, Tex. Penal Code, § 46.04, sets out the elements of unlawful possession of a firearm. All elements of that offense are contained within § 46.04, yet the Legislature has limited "firearm" to that defined in § 46.01(3), that is, it modified an element of an offense in a separate section. Even if an air pistol might be considered a "firearm" by some, a prosecution for unlawful possession of a firearm based on possession of an air pistol must fail because of the limitations of § 46.01(3). Likewise, the Legislature chose to instruct us that the required element of a prior intoxication-related offense may be proved and used to increase the penalty only if the prior conviction satisfies the limitations expressed in § 49.09(e). If a prior conviction does not meet the criteria of § 49.09(e), that prior conviction cannot be used to satisfy the requisite jurisdictional element of felony DWI. Section 49.09(e) does not involve questions of admissibility, i.e. relevance and legislative ideas of fairness as expressed in the dictates of Rules of Evidence 404 and 403; prior convictions are clearly relevant, are likely to indicate character conformity, and are clearly prejudicial, although not unfairly so. Rather, § 49.09(e) defines the parameters that determine which prior intoxication-related convictions can be used to satisfy the required jurisdictional element of two prior convictions. Proof of the prior convictions is not the issue; the issue is whether the state may attempt to prove them at all.

Section 49.09(e) is more akin to a plea in bar alleging that the statute of limitations has run or to the limitation on the use of a type of prior conviction to impeach a witness than to a rule of admissibility. The issue is prohibition versus appropriate use.

Our Penal Code and Code of Criminal Procedure both provide that "no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt." TEX. PENAL CODE ANN. § 2.01 (2002); TEX.CODE CRIM. PROC. art. 38.03 (2002). If it is true that the elements of an offense must be charged in the indictment, submitted to the jury, and proven by the state beyond a reasonable doubt, as was said in *Jones,* 526 U.S. at 232, 119 S.Ct. 1215, then in a trial by jury, the *jury* must determine that *all* of the elements of the crime have been proven beyond a reasonable doubt, even elements that have been modified and are themselves subject to statutory limitations. *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), teaches us that the finding of an element that increases a criminal penalty must be done by the jury. The finding of two prior convictions for an alcohol-related offense is the element which elevates the offense from a misdemeanor to a felony and thereby increases the penalty. The jury could not have found appellant guilty of felony DWI based on the evidence presented to it, as the state had failed to present to the jury any evidence that jurisdiction was properly in the district court. The increase in penalty was accomplished by the actions of the trial court in allowing the state to use remote convictions without proof to the jury of an intervening conviction.

No evidence complying with the jurisdictional requirements of § 49.09(e) was submitted to the jury, which was therefore legally unable to find that the jurisdictional element of felony DWI had been proved beyond a reasonable doubt. I would hold that the court of appeals correctly held that state failed to meet its burden of proof. *Weaver v. State,* 56 S.W.3d 896, 899 (Tex.App.-Texarkana 2001). I respectfully dissent.