IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 0755-04






RODNEY CAMILE SMITH, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


POLK COUNTY





 Keller, P.J., delivered the opinion of the Court in which PRICE, WOMACK,
KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined. JOHNSON, J., filed a
concurring opinion. MEYERS, J., did not participate.


O P I N I O N 



 When a defendant stipulates to the two prior convictions necessary to establish the predicate
for felony DWI, can an appellate court properly hold the evidence legally insufficient on the ground
that one of the prior convictions is too remote in time and the record contains no evidence of an
intervening conviction? We hold that the answer is "no" and reverse the judgment of the Court of
Appeals.

I. BACKGROUND


A. Trial


 Appellant and the State stipulated to the two prior convictions needed to raise a Driving
While Intoxicated (DWI) offense from a misdemeanor to a felony. (1) The written stipulation provided:

I, Rodney Camile Smith, am the identical person named in the indictment in the
above styled and numbered cause; and I have read the same and hereby agree and
confess that:


"On February 28, 1983, in the County Criminal Court at Law No. 4 of Harris County,
Texas, in cause No. 685-779, I was convicted of the offense of Driving While
Intoxicated; and 


"On April 24, 1990, in the 258th District Court of Polk County, Texas, in Cause No.
12,255, I was convicted of the offense of Driving While Intoxicated."


At the beginning of the guilt-innocence stage of trial, the following colloquy took place between
appellant and his counsel:

[DEFENSE COUNSEL]: Mr. Smith, the trial has not started yet this morning; but
we have talked today about the advisability of stipulating to two prior DWI
convictions rather than have the State prove up the DWI convictions and running the
risk of other things coming in that would be counter productive to our position. Do
you agree with that?


[APPELLANT]: Yes, sir.


[DEFENSE COUNSEL]: And by signing this, you're admitting that they don't have
to prove up these two things; and we don't get into the issue of your priors at this
trial, okay?


[APPELLANT]: Okay. 


[DEFENSE COUNSEL]: Is that your agreement?


[APPELLANT]: Yes, sir.

 

No other evidence of any prior conviction was admitted during the guilt-innocence stage of trial.

B. Appeal


 The Court of Appeals found that the evidence conclusively established that more than ten
years elapsed between the date the 1983 offense was committed and the date of the primary offense,
September 4, 1999. (2) The Court of Appeals further concluded that the State did not prove the date
on which the 1990 conviction was committed (April 24, 1990 being the date of judgment), and
therefore, the State did not prove that the 1990 conviction was a qualifying intervening conviction
(one that was committed within ten years of the primary offense), as required to establish felony
DWI by the DWI enhancement scheme in effect in appellant's case. The intermediate appellate 
court quoted our pronouncement from Weaver v. State (3) that "[t]he State must, however, at some
point during its case-in-chief, submit proof of the intervening conviction to the trial court." (4) The
Court of Appeals held that, by failing to show that the 1990 conviction was a qualifying intermediate
conviction, the State failed to prove that the 1983 offense could be used as a prior conviction for
enhancement under Penal Code §49.09(e). (5) The Court of Appeals reversed the conviction and
rendered a judgment of acquittal. (6)

 Chief Justice Gray dissented, stating that he could not "agree to reverse a conviction because
of something the defendant wanted." (7) The dissent pointed out that appellant admitted on the record
that the State would not have to prove up the prior convictions and that appellant would avoid a
discussion of his priors. (8) As a result of this state of affairs, the dissent concluded, appellant "cannot
now complain that one of those convictions was too remote to use." (9) The dissent cited Weaver for
the proposition that the "remoteness" provision, §49.09(e), "is not an element of felony DWI . . .
[but] is more like a rule of admissibility." (10)

II. ANALYSIS


 In Weaver, the prior convictions element of felony DWI was contested. (11) It was this
contested context that prompted our remark that a qualifying intervening conviction must be
presented to the trial court during the State's case-in-chief. (12) Even so, we specifically held that the
existence of a qualifying intervening conviction was not an element of the offense of felony DWI
but more akin to a rule of admissibility, and therefore, the qualifying intervening conviction did not
need to be submitted to the jury. (13) 

 In this case, the prior convictions element was not contested but was instead confessed to by
stipulation. Under these circumstances, appellant has lost the ability to complain about the
remoteness of the prior conviction. (14)

 The judgment of the Court of Appeals is reversed, and the case is remanded to that court to
address appellant's remaining points of error.

 KELLER, Presiding Judge

Date Delivered: February 2, 2005

Publish
1. See TEX. PEN. CODE §49.09
2. Smith v. State, 135 S.W.3d 198, 201 (Tex. App.-Waco 2004).
3. 87 S.W.3d 557 (Tex. Crim. App. 2002).
4. Smith, 135 S.W.3d at 201 (quoting Weaver, 87 S.W.3d at 561).
5. Id.
6. Id. at 202.
7. Id. (Gray, C.J., dissenting).
8. Id.
9. Id.
10. Id. (citing Weaver, 87 S.W.3d at 561).
11. 87 S.W.3d at 558-559.
12. See Id. at 561.
13. Id.
14. Indeed, stipulating to the priors to avoid the introduction of damaging evidence (i.e.
under Tamez v. State, 11 S.W.3d 198 (Tex. Crim. App. 2000)) arguably rises to the level of
estoppel, when it comes to challenging the legitimacy of using those priors. See Arroyo v. State,
117 S.W.3d 795, 798 (Tex. Crim. App. 2003)(discussing State v. Yount, 853 S.W.2d 6, (Tex.
Crim. App. 1993) and Prystash v. State, 3 S.W.3d 522 (Tex. Crim. App. 1999)).