**Charles Clinton SUMMERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–04–00147–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted June 27, 2005.

Decided Aug. 9, 2005.

Ebb Mobley, Longview, for appellant.

Ray Bowman, Asst. Dist. Atty., Longview, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

Charles Clinton Summers was charged by indictment with driving while intoxicated (DWI) on or about November 15, 2003. The indictment further alleged that, before the commission of that offense, Summers had been convicted of DWI on June 8, 1988, and February 9, 2001, enhancing the charge to a third-degree felony. Evidence that Summers had also been previously convicted of DWI in 1993 was introduced

outside the presence of the jury. After the close of the State's evidence, Summers filed a motion for directed verdict, arguing the June 8, 1988, conviction was too remote to be used for enhancement. The trial court overruled Summers' motion, citing *Weaver v. State*[1] to hold that "the trial court is the gatekeeper on the question of whether or not the 1988 conviction was revived by a subsequent conviction, and it has been." The jury found Summers guilty and assessed punishment at ten years' imprisonment and a $5,000.00 fine.

■ On appeal, Summers only argues that the 1988 DWI conviction alleged in the indictment is too remote to be used to elevate the primary offense to a third-degree felony. We must now determine whether the 1988 DWI conviction met each of the requirements for remoteness under Tex. Pen.Code Ann. § 49.09(e) (Vernon Supp.2004–2005) and was therefore unavailable for enhancement.

Summers argues *Getts v. State*[2] is the controlling case, and the State argues that *Weaver* is controlling. We believe both *Getts* and *Weaver* lead to the same conclusion—the 1988 conviction for DWI can be utilized for enhancement purposes because of the intervening 1993 conviction for DWI.

Section 49.09 allows a DWI indictment to be enhanced to a felony of the third degree if the defendant has been previously convicted two times of any offense relating to the operation of a motor vehicle while intoxicated. However, subsection (e) disallows the use of a prior conviction if:

(1) the conviction was a final conviction under Subsection (d);

(2) the offense for which the person is being tried was committed more than 10 years after the latest of:

(A) the date on which the judgment was entered for the previous conviction;

(B) the date on which the person was discharged from any period of community supervision on which the person was placed for the previous conviction;

(C) the date on which the person successfully completed any period of parole on which the person was released after serving a portion of the term to which the person was sentenced for the previous conviction; or

(D) the date on which the person completed serving any term for which the person was confined or imprisoned for the previous conviction; and

(3) the person has not been convicted of an offense under Section 49.04, 49.05, 49.06, 49.065, 49.07, or 49.08 or any offense related to operating a motor vehicle while intoxicated within 10 years of the latest date under Subdivision 2.

Tex. Pen.Code Ann. § 49.09(e).

■ In *Weaver*, the DWI conviction on July 24, 2000, was enhanced to a felony conviction with two prior DWI convictions from August 10, 1990, and January 17, 1984. *Weaver*, 87 S.W.3d at 558. This Court held that both of the convictions were too remote (more than ten years old) and the State failed to introduce evidence of an intervening conviction before the jury, thereby failing to prove an essential element of felony driving while intoxicated. *Weaver v. State*, 56 S.W.3d 896, 899 (Tex. App.-Texarkana 2001), *rev'd*, 87 S.W.3d 557. In reversing that opinion, the Texas Court of Criminal Appeals stated that "a prior intoxication-related conviction may not be used as an element of the offense of felony DWI if that prior offense was com-

---

1.  87 S.W.3d 557 (Tex.Crim.App.2002).

2.  155 S.W.3d 153 (Tex.Crim.App.2005).

mitted more than ten years before the instant offense, unless there is an intervening intoxication-related conviction." *Weaver*, 87 S.W.3d at 561. The Texas Court of Criminal Appeals, however, accepted the evidence of a 1997 DWI conviction, not alleged in the indictment, which was offered outside the presence of the jury, and concluded that the 1990 and 1984 convictions were available for enhancement because the 1997 conviction acted as an intervening intoxicated-related conviction. *Id.* The Texas Court of Criminal Appeals held that Section 49.09(e) was more akin to a rule of admissibility as opposed to an element of the offense. Therefore, it was unnecessary to allege the intervening conviction in the indictment or submit it to the jury. It is sufficient if the State proves the intervening conviction to the trial court in its case-in-chief. *Id.*

Similarly, here, the State offered evidence of Summers' prior January 25, 1993, DWI conviction during its case-in-chief, but outside the presence of the jury. For the 1993 DWI conviction, Summers was sentenced to twenty-four months of community supervision [3] ending January 25, 1995.

The 1993 DWI conviction for which the community supervision ended in 1995 is an intervening alcohol-related conviction within ten years of the 1988 conviction. We also note that the relevant date, January 23, 1995, when Summers was discharged from community supervision, is likewise within ten years of the primary offense alleged here. In accordance with Tex. Pen.Code Ann. § 49.09(e)(2)(B), the trial court did not err in allowing the State to use the prior 1988 DWI alleged in the indictment to enhance the present 2003 DWI offense.

In *Getts*, the Texas Court of Criminal Appeals addressed the time limitations between enhancements for DWI cases. *Getts*, 155 S.W.3d 153. Getts had three DWIs: the charged offense was 2002, and the enhancements were from 1997 and 1984. The court held that, based on the 2001 amendments to the DWI statutes, these enhancements could not elevate Getts' 2002 DWI to a third-degree felony. The 1984 conviction was too remote and there was no intervening alcohol-related conviction within ten years of the 1984 conviction. The court reasoned that all three conditions of Tex. Pen.Code Ann. § 49.09(e) were met, making the 1984 conviction unavailable for enhancement purposes: (1) the 1984 conviction was a final conviction, (2) the 2002 offense was committed more than ten years after April 29, 1984 [the date of the 1984 conviction], and (3) Getts was not convicted of another alcohol-related offense within ten years of April 29, 1984. *Getts*, 155 S.W.3d at 156–57.

In contrast, here, only the first two conditions of Section 49.09(e) have been met: (1) the 1988 conviction is a final conviction, and (2) the 2003 offense was committed more than ten years after June 8, 1988 [the date of the 1988 conviction]. However, the third condition has not been met because Summers was convicted of another alcohol-related offense within ten years of the 1988 DWI conviction—the 1993 conviction. Since all three conditions needed for the 1988 conviction to be unavailable for enhancement were not present, the 1988 conviction was available for enhancement purposes.

---

**3.** " 'Community supervision' means the placement of a defendant by a court order under a continuum of programs and sanctions, with conditions imposed by the court for a speci-

fied period. . . ." Tex.Code Crim Proc. Ann. art. 42.12, § 2(2) (Vernon Supp.2004–2005). Community supervision was previously known as probation.

We affirm the judgment of the trial court.