NO. 07-03-0505-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 28, 2005

_____

RAMON MORENO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-400878; HONORABLE JIM BOB DARNELL, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellant Ramon Moreno brings this appeal from his conviction for the felony offense of driving while intoxicated and punishment of nine years confinement, probated for six years. We will affirm.

Appellant's conviction was the result of his open plea of guilty after the trial court overruled his motion to quash the indictment. In that motion he claimed the trial court lacked jurisdiction because the prior convictions alleged in the indictment were too remote

to be used to make the offense a felony. He now presents three issues on appeal, each related to the use of his prior convictions. His first issue assigns error to the denial of his motion to quash. His second and third issues challenge the legal and factual sufficiency of the evidence to support his plea of guilty.

The indictment alleged appellant operated a motor vehicle while intoxicated on September 8, 2002. It further alleged a prior DWI conviction on July 12, 2001,[1] and another on December 11, 1987. Appellant's motion to quash was based on the time limitation on the use of prior convictions contained in former section 49.09(e) of the Penal Code. Tex. Penal Code Ann. § 49.09(e) (repealed effective September 1, 2005).[2] Section 49.09(b) makes the offense of driving while intoxicated a felony of the third degree if it is shown at trial the defendant has previously been convicted two times of listed alcohol related offenses. Tex. Penal Code Ann. § 49.09(b) (Vernon Supp. 2005). Although section 49.09(e) referred to prior convictions in terms of "enhancement," our courts have consistently held the prior convictions are elements of the offense of felony driving while intoxicated and do not merely enhance punishment. *Gibson v. State*, 995 S.W.2d 693, 696 (Tex.Crim.App. 1999). As elements of the offense, the State must allege and prove the prior convictions. *Weaver v. State*, 87 S.W.3d 557, 560 (Tex.Crim.App. 2002).

---

[1] At a hearing on his motion to quash appellant conceded his second conviction occurred on September 3, 1999 rather than in July 2001. Both of the prior judgments were introduced into evidence.

[2] *See* Act of June 18, 2005, 79th Leg. R.S., ch. 996, § 3, 1989 Tex. Gen. Laws 3365.

At the time of appellant's prosecution, section 49.09(e) prohibited use of a prior conviction if (1) it was a final conviction;[3] (2) the current offense was committed more than ten years after the latest of, (A) entry of the prior judgment, (B) the discharge of probation, (C) completion of parole, or (D) completion of any term of imprisonment; and (3) the person had not been convicted of DWI or another listed intoxication-related offense within ten years of the latest date under subsection (e)(2).

In his first issue appellant argues the trial court erred in denying his motion to quash the indictment because the State's use of his first conviction was barred by section 49.09(e). From that premise he reasons the indictment at most alleged a misdemeanor offense and the district court lacked jurisdiction. *See* Tex. Const. Art. V, § 8; Tex. Code Crim. Proc. Ann. arts. 4.05, 4.07, 27.08(4) (Vernon 2005). We review a trial court's ruling on a motion to quash for abuse of discretion. *Thomas v. State*, 621 S.W.2d 158, 163 (Tex.Crim.App. 1980).

In *Weaver* the court explained that the limitation on use of prior convictions created by former section 49.09(e) is neither an element of the offense nor an exception to the offense.[4] 87 S.W.3d at 561. It held subsection (e) is "more akin to a rule of admissibility, rather than an element of the offense." *Id.* As a result, the State need only allege two prior

---

[3] Suspension of a sentence does not prevent a conviction from being final under current section 49.09(d) or the former Revised Civil Statutes Article 6701l-1(h), applicable to convictions after January 1, 1984. *Ex parte Serrato*, 3 S.W.3d 41 (Tex.Crim.App. 1999).

[4] *Weaver* dealt with section 49.09(e) before its 2001 amendments. 87 S.W.3d at 560. We see no reason, though, why *Weaver's* rationale would not continue to apply to section 49.09(e) after its amendment.

convictions for listed intoxication-related offenses, without regard to the age of those convictions. *Id.* The State's burden to prove the prior offenses arises only "on the trial of the offense." § 49.09(b). If evidence of a prior conviction is barred by section 49.09(e), the State will be unable to establish an element of the felony offense. *Id.* Such failure to establish the greater offense would not deprive the district court of jurisdiction.[5] *See* Tex. Code Crim. Proc. Ann. art. 4.06 (Vernon 2005). Under the holding in *Weaver*, the face of the indictment did not show a lack of jurisdiction and the trial court did not abuse its discretion in overruling appellant's motion to quash. We likewise overrule appellant's first issue.

Appellant's second and third issues challenge the sufficiency of the evidence supporting his plea of guilty. Under Article 1.15 of the Code of Criminal Procedure, a guilty plea alone is insufficient to establish a defendant's guilt. The State must also introduce evidence which embraces every essential element of the offense. *Stone v. State*, 919 S.W.2d 424, 427 (Tex.Crim.App. 1996). As explained in *Weaver*, the proof of two prior offenses are elements of the offense. *Weaver*, 87 S.W.3d at 561. Negating the limitation of former 49.09(e) is not. *Id.*

Appellant argues the State failed to prove the two prior driving while intoxicated convictions. He does not challenge the sufficiency of the evidence supporting the other elements of driving while intoxicated. Appellant separately pled guilty to the two prior

---

[5] The same is true if the failure of proof is disclosed on appeal. *See Getts v. State,* 155 S.W.3d 153, 155 (Tex.Crim.App. 2005) (affirming reformation of judgment to misdemeanor by court of appeals).

4

convictions.  *Cf. Barfield v. State*, 63 S.W.3d 446, 448 (Tex.Crim.App. 2001) (review of sufficiency when defendant plead not true to prior convictions).  Viewed against the Court of Criminal Appeals' holding in *Weaver* that sections 49.04 and 49.09(b) encompass all the elements of felony DWI, introduction of the two prior judgments established the elements appellant now challenges.  This evidence was sufficient to support appellant's plea of guilty to each essential element of the offense. *See Weaver*, 87 S.W.3d at 561;  *Ramirez v. State*, 139 S.W.3d 731 (Tex.App.–Fort Worth 2004, pet. ref'd).

Addressing the merits of appellant's challenge to the use of his first conviction leads to the same result.  In *Getts*, the Court of Criminal Appeals set out the proper method for applying section 49.09(e).  155 S.W.3d at 155-56.  Following the plain language of section 49.09(e), analysis must begin with the first conviction sought to be used.  A court looks forward from the later of the date of that conviction or discharge of the resulting sentence.  A second conviction for a listed offense within ten years makes the first conviction available for use under section 49.09(b).  155 S.W.3d at 156.

Appellant argues use of his first conviction was barred by section 49.09(e) because more than ten years elapsed between the date of his first conviction, December 11, 1987, and his second conviction on September 3, 1999.  As explained in *Getts*, the proper period is from the discharge of appellant's first sentence until his second conviction.  155 S.W.2d at 155.  The December 11, 1987 judgment suspended appellant's sentence for a period of two years and placed him on probation.  Discharge from probation at the end of that period in December 1989 would be within ten years of his second conviction on September

3, 1999. The record does not conclusively establish the date on which appellant was discharged. Because the limitation of 49.09(e) is not an element of the offense, *Weaver*, 87 S.W.3d at 561, the State was not obligated to establish the date of discharge beyond a reasonable doubt. The trial court reasonably could infer that the sentence was discharged at the end of the period of probation stated in the judgment. In addition to the judgment, the trial court had before it the representation in appellant's motion to quash that he discharged his first sentence on December 11, 1989. This date was reiterated in appellant's argument at the motion to quash hearing. Taken together, these support a determination by the trial court that the second conviction was within ten years of the discharge of appellant's first sentence and evidence of that conviction was admissible. The record contains evidence supporting each essential element of the offense. We overrule appellant's second and third issues.

Finding no reversible error in the trial court's judgment we affirm that judgment.


James T. Campbell
Justice


Do not publish.