# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-06-00305-CR

---

**Jorge Saucedo, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
NO. D-1-DC-06-904023, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Jorge Saucedo of the offense of third-degree felony driving while intoxicated as enhanced by prior convictions. In two points of error, appellant challenges the legal sufficiency of the evidence and contends that the enhancement provision of Texas's DWI statute violates the state and federal constitutional prohibitions on *ex post facto* laws. Because we conclude that the evidence is legally sufficient and the enhancement provision does not amount to an unconstitutional *ex post facto* application of law, we affirm the judgment of conviction.

## FACTUAL BACKGROUND

On November 23, 2005, Austin Police officers stopped appellant's vehicle for erratic driving. After failing the field sobriety tests and based on the officers' observations, appellant was arrested and charged with DWI. He was charged by re-indictment with the enhanced third-

degree felony DWI[1] based upon three prior convictions relating to the operating of a motor vehicle while intoxicated: cause number 0037911 of the County Court at Law No. 1 of Williamson County on July 26, 2000 ("2000 conviction"); cause number 19,301 of the County Court at Law of Caldwell County on February 22, 1989 ("1989 conviction"); and cause number 307213 of the County Court at Law No. 6 of Travis County on September 2, 1988 ("1988 conviction").

After stipulating to the prior convictions for purposes of the guilt-innocence phase of the trial, appellant was found guilty of the felony offense of DWI as alleged in the indictment. At the punishment phase, appellant pleaded not true to the enhancement provision. After finding the enhancement allegation true, the jury assessed punishment at ten years' confinement.

## DISCUSSION

Because the current DWI statute was amended in 2005, appellant contends that it applies only to an offense where all the elements—including prior convictions—are committed after the effective date of September 1, 2005, and that its application to convictions prior to that date violates the constitutional prohibition against *ex post facto* laws. As a consequence, appellant contends that his 2005 conviction should not be enhanced from a Class B misdemeanor to a third-degree felony, but should only be enhanced to a Class A misdemeanor because the pre-2005 version of section 49.09(a) would have only permitted appellant's 2000 conviction to be used for enhancement. The State responds that the evidence is legally sufficient and does not violate the

_____

[1] *See* Tex. Penal Code Ann. § 12.42(a)(3) (West Supp. 2006), § 49.04(a) (West 2003), § 49.09(b)(2) (West Supp. 2006). The indictment also alleged that appellant had been previously convicted of felony robbery, thus elevating the charge to a second-degree felony.

prohibition against *ex post facto* laws because the legislature, when it amended the DWI enhancement statute in 2005, did not redefine criminal conduct or increase the punishment after appellant committed the underlying offense and thus the three prior convictions may be used to enhance the offense to a felony.

The current offense was allegedly committed on November 23, 2005, for which the State indicted appellant for the offense of DWI. Such an offense is a Class B misdemeanor[2] unless it is shown that the offender has a previous conviction for a similar offense. A showing of one previous conviction enhances the offense to a Class A misdemeanor;[3] two previous convictions enhance the offense to a felony of the third degree.[4] On the date of appellant's offense, the 2005 version of section 49.09 of the penal code, the DWI enhancement statute, applied. Tex. Penal Code Ann. § 49.09 (West Supp. 2006). On both September 2, 1988, and February 22, 1989—two of the dates on which appellant engaged in his previous criminal conduct—enhancements were governed by former article 6701*l*-1 of the Revised Texas Statutes. That statute provided for enhancement for prior convictions as follows:

> (h)    For the purposes of this article, a conviction for an offense that occurs on or after January 1, 1984, is a final conviction, whether or not the sentence for the conviction is probated.

> (i)    A conviction may not be used for the purpose of enhancement under Subsection (d) or (e) of this article if:

---

[2]  *See* Tex. Penal Code Ann. § 49.04(b).

[3]  *See id*. § 49.09(a).

[4]  *See id*. § 49.09(b)(2).

3

1.     the conviction was a final conviction under the provisions of Subsections (g) and (h) of this article and was for an offense committed more than 10 years before the offense for which the person is being tried was committed; and

2.     the person has not been convicted of an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, or Article 6701*l*-1, or Article 6701*l*-2, Revised Statutes, committed within 10 years immediately preceding the date on which the offense for which the person is being tried was committed.

Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574-77, *repealed by* Act of May 19, 1993, 73rd Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3586, 3704 (codified as amended at Tex. Penal Code Ann. § 49.09 (West Supp. 2006)).

After appellant's 1988 and 1989 convictions, Texas changed its law concerning which individuals committing DWI offenses were subject to jurisdictional and punishment enhancements resulting from their prior DWI convictions. Under the current version of the statute, which is the version applicable to appellant's current charge, any prior DWI conviction, regardless of when it occurred, may be used to enhance the charge to achieve felony jurisdiction and increase punishment. *See* Tex. Penal Code Ann. § 49.09(b)(2), (d); *see also* Act of May 25, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Gen. Laws 3363, 3364 (eff. Sept. 1, 2005) (repealing former penal code section 49.09(e), which rendered certain prior convictions unavailable for enhancement in part due to remoteness). This new version of the DWI enhancement statute took effect on September 1, 2005. *Id*.

Both the United States and Texas Constitutions prohibit the State from applying an *ex post facto* law, and the same standard is employed under both provisions. U.S. Const. art. I, § 10,

4

cl. 1; Tex. Const. art. I, § 16; *Grimes v. State*, 807 S.W.2d 582, 586 (Tex. Crim. App. 1991). The *ex post facto* clauses prohibit four types of laws: (1) laws that make an action done before the passing of the law, and which was innocent when done, criminal, and punishes such action; (2) laws that aggravate a crime, or make it greater than it was, when committed; (3) laws that change the punishment and inflict a greater punishment than the law assigned to the crime when it was committed; and (4) laws that alter the legal rules of evidence to receive less or different testimony than the law required at the time of the commission of the offense in order to convict the offender. *Carmell v. Texas*, 529 U.S. 513, 521 (2000) (quoting *Calder v. Bull*, 3 U.S. 386, 390 (1798)). When we engage in an *ex post facto* analysis, our sole concern is whether the statute at issue assigns more severe criminal or penal consequences to an act than did the law in place when the act occurred. *Grimes*, 807 S.W.2d at 587. The act at issue is the conduct leading to the current criminal charge. *Jordan v. State*, 56 S.W.3d 326, 332 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd).

Appellant's conduct at issue in this appeal occurred on November 23, 2005, more than two months after the new statute took effect on September 1, 2005. By permitting the State to use appellant's 1988 and 1989 convictions in addition to the 2000 conviction to enhance his current charge to a felony, appellant argues that the 2005 changes to the DWI enhancement statute violate the constitutional prohibition against *ex post facto* laws. Because the convictions were too remote and therefore not available for enhancement under article 6701*l*-1, appellant argues that the removal of the time limitation in the 2005 version of the statute is unconstitutional because it increases the punishment for those prior criminal acts beyond what the law permitted at the time

5

of their commission. For this argument, appellant relies on *Scott v. State*, 55 S.W.3d 593 (Tex. Crim. App. 2001).

In *Scott*, the defendant received deferred adjudication for a charge of indecency with a child. At that time, the deferred adjudication statute provided in part: "'dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense.'" *Id*. at 595 & n.3 (quoting Tex. Code Crim. Proc. Ann. art. 42.12, § 5(c) as it was in effect in 1991). The defendant was later charged with aggravated sexual assault and, by that time, the deferred adjudication statute had been amended to allow deferred adjudication for certain sexual offenses, including indecency with a child, to be used as a conviction for the purpose of enhancing a later sexual offense. *Id*. at 595-96. The court of criminal appeals first observed that "[t]he resolution of criminal charges will always carry the possibility of collateral consequences, and as long as those consequences are not statutorily restricted, disabilities and disqualifications which the defendant might not have anticipated may proceed from the prior cause." *Id*. at 597. But the court held that the change in the deferred adjudication statute constituted an *ex post facto* law because the prior deferred adjudication statute contained an express and complete restriction on the collateral consequences of the offense and, therefore, when that restriction was removed, defendant's punishment for his prior offense was increased. *Id.* at 597-98.

This case is distinguishable from *Scott* because article 6701*l*-1 never contained an express and complete restriction on collateral consequences such as that found in the deferred adjudication statute in *Scott. See Romo v. State*, No. 04-05-00602-CR, 2006 Tex. App. LEXIS 10403, at *4-5 (Tex. App.—San Antonio 2006, no pet.) (mem. op., not designated for publication).

6

In *Romo*, the San Antonio court of appeals, addressing the 2001 version of the statute, distinguished identical circumstances as exist here from those in *Scott*:

> Unlike *Scott*, where the deferred adjudication statute expressly limited the future use of Scott's "dismissal and discharge under this section," former article 6701*l*-1 merely placed restrictions on what prior convictions could be used to enhance an offense at that time. It did not place any restrictions on the collateral effects or future use of a conviction obtained under the statute. Accordingly, the 2001 amendment to the DWI enhancement statute did not increase Romo's punishment for his prior convictions and is not an *ex post facto* law.

*Id.* at *5.

We find this reasoning persuasive. We hold that the ten-year time limitation on the use of prior DWI convictions found in article 6701*l*-1 was not an explicit guarantee that those convictions could not be used in the future, but only a restriction on what prior convictions could be used to enhance a DWI offense at that time. Therefore, by removing all time limitations on the use of prior DWI convictions to enhance current DWI charges, the 2005 changes to the DWI enhancement statute did not increase appellant's punishment for the prior convictions and is not an *ex post facto* law. *See id.*; *see also State v. Pieper*, No. 14-06-00368-CR, 2007 Tex. App. LEXIS 3089, at *16 (Tex. App.—Houston [14th Dist.] Apr. 24, 2007, no pet. h.).

For the same reason, we reject appellant's legal sufficiency argument that the current version of section 49.09 does not apply to his case because the prior convictions are elements of the current offense and, therefore, some of the elements occurred before the effective date of the new law. In support of this argument, appellant relies on *Getts v. State*, 155 S.W.3d 153, 155-56 (Tex. Crim. App. 2005), in which the court applied the 2001 version of the statute and found that

7

the defendant was not guilty of a felony offense because then-section 49.09(e) prohibited the use for enhancement of a 1984 conviction. *Id.* at 157. In *Getts*, the defendant was charged with a DWI committed in 2002 and the court properly applied the statute then in effect, including the provisions of 49.09(e) which prohibited the use for enhancement of relevant offenses not occurring within ten years of the charged offense. Section 49.09(e) was in effect until September 1, 2005, when it was repealed. *See* Act of May 21, 2001, 77th Leg., R.S., ch. 638, § 2, 2001 Tex. Gen. Laws 1213, 1214, *repealed by* Act of May 25, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Gen. Laws 3363, 3364. We therefore apply the statute in effect at the time of the commission of the offense, which was the statute as amended effective September 1, 2005; this current version of the statute does not contain the remoteness restrictions found in former section 49.09(e).

Although the instant offense was committed on November 23, 2005, appellant urges that the old law should apply because the prior offenses are elements of the current offense. Because some elements of the offense occurred before the effective date of the new law, he urges that the old law applies. This argument has been previously rejected. *See Weaver v. State*, 87 S.W.3d 557, 560-61 (Tex. Crim. App. 2002); *Rawson v. State*, No. 03-03-00336-CR, 2005 Tex. App. LEXIS 7190, at *8 (Tex. App.—Austin 2005, no pet.) (mem. op., not designated for publication). As the court of criminal appeals in *Weaver* observed, penal code sections 49.04 and 49.09(b) define the offense of felony DWI. 87 S.W.3d at 560. Section 49.09(b) makes an offense under 49.04 a third-degree felony under certain circumstances. Neither of these sections underwent any changes in the 2001 legislation affecting the elements of the offense. The section about which appellant

8

argues—section 49.09(e)—does not define an element of the offense. *Id.* at 561. All of the elements of the offense were committed after September 1, 2005, and the new version of the statute applies.

## CONCLUSION

Because the 2005 version of the DWI enhancement statute is not an *ex post facto* law as applied to appellant and the evidence is legally sufficient, we hold that the trial court did not err in applying the 2005 version of the statute to appellant allowing enhancement to a felony-level offense. We overrule appellant's points of error and affirm the judgment of conviction.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: May 30, 2007

Do Not Publish