

# IN THE
## TENTH COURT OF APPEALS

### No. 10-09-00064-CR

**RANKIN CALHOUN,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 07-05465-CRF-361**

## MEMORANDUM  OPINION

Rankin Calhoun was charged by indictment with driving while intoxicated, enhanced to a felony by 2002 and 2006 convictions for operating a motor vehicle while intoxicated.  *See* TEX. PENAL CODE ANN. §§ 49.01(2), 49.04(a) (Vernon 2003), § 49.09(b)(2) (Vernon Supp. 2010).  In a plea bargain, Calhoun pleaded guilty to the charged offense, and the trial court assessed his punishment at ten years' imprisonment and a $1,000 fine, but suspended the prison sentence and placed him on community supervision for five years.  In two issues, Calhoun contends that (1) the evidence is legally insufficient

to support his conviction, and (2) the trial court erred in denying his motion to quash the indictment. We will affirm.

In his first issue, Calhoun contends that the evidence is legally insufficient to support his conviction "because the two prior DWI convictions used to enhance the offense to a felony were an element of the offense and occurred prior to the enactment of the statute"; thus, they could not be used for enhancement and his sentence is illegal because, without the enhancements, the offense was a misdemeanor and the district court lacked jurisdiction.[1]

We recently examined a nearly identical issue in *Cohen v. State*, No. 10-08-00385-CR, 2010 WL 199887 (Tex. App.—Waco 2010, no pet.) (mem. op., not designated for publication). In *Cohen*, we stated:

> Section 49.09(e) of the Penal Code previously provided that a prior conviction could not be used for enhancement if the conviction was more than ten years old. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3698; *see also* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 21, 1995 Tex. Gen. Laws 2734, 2743. In 2005, the Legislature repealed subsection (e) and eliminated the ten-year requirement, effective September 1, 2005. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Gen. Laws 3363, 3364; *see also* TEX. PEN. CODE ANN. § 49.09(b)(2) (Vernon Supp. 2009).

> The Court of Criminal Appeals has held that section 49.09(e) does not establish an element of felony driving while intoxicated because it "does not describe the forbidden conduct, the required culpability, any required result, nor does it create an exception to the offense." *Weaver v. State*, 87 S.W.3d 557, 561 (Tex. Crim. App. 2002). It merely "bars the State, in certain circumstances, from proving all of the elements of the offense" and is, therefore, "more akin to a rule of admissibility." *Id.*

---

[1] We assume without deciding that Calhoun's legal-sufficiency complaint (which is more in the nature of a legal challenge to felony jurisdiction in this case) falls within his motion to quash, the denial of which the trial court allowed Calhoun to appeal.

In *Saucedo v. State*, No. 03-06-00305-CR, 2007 [WL 1573948] (Tex. App.—Austin May 30, 2007, no pet.) (not designated for publication), Saucedo argued that the "current version of section 49.09 does not apply to his case because the prior convictions are elements of the current offense and, therefore, some of the elements occurred before the effective date of the new law." [*Id.* at *4]. The Austin Court held that, because section 49.09(e) does not establish an element of the offense, "[a]ll of the elements of the offense were committed after September 1, 2005, and the new version of the statute applies." *Id.*[]

We too hold that former subsection 49.09(e) does not establish an element of the offense of felony driving while intoxicated. *See Weaver*, 87 S.W.3d at 561; *see also Saucedo*, 2007 [WL 1573948, at *4].

*Id.* at *1.

The evidence is thus legally sufficient to support Calhoun's conviction, and his sentence is not illegal. *See Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000); *see also Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). We overrule Calhoun's first issue.

In his second issue, Calhoun contends that the trial court abused its discretion by denying his motion to quash the indictment because the 2005 amendment to section 49.09 constitutes an impermissible *ex post facto* law.

An *ex post facto* law: (1) punishes as a crime an act previously committed which was innocent when done; (2) changes the punishment and inflicts a greater punishment than the law attached to a criminal offense when committed; or (3) deprives a person charged with a crime of any defense available at the time the act was committed. *Rodriguez v. State*, 93 S.W.3d 60, 66 (Tex. Crim. App. 2002). Calhoun argues that the 2005 amendment to section 49.09(e) constitutes an *ex post facto* law because it eliminated the ten-year requirement for enhancements. However, courts have consistently held

that for purposes of enhancement, the use of prior convictions that could not have been used at the time they were originally committed is not a violation of the prohibition against *ex post facto* laws.  *See Engelbrecht v. State*, 294 S.W.3d 864, 868 (Tex. App.—Beaumont 2009, no pet.); *see also Cohen*, 2010 WL 199887, at *2 n.2; *Sepeda v. State*, 280 S.W.3d 398, 402 (Tex. App.—Amarillo 2008, pet. ref'd); *Crocker v. State*, 260 S.W.3d 589, 592 (Tex. App.—Tyler 2008, no pet.); *State v. Pieper*, 231 S.W.3d 9, 14 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Saucedo*, 2007 WL 1573948, at *4; *Romo v. State*, No. 04-05-00602-CR, 2006 WL 3496933, at *1-2 (Tex. App.—San Antonio Dec. 6, 2006, no pet.) (mem. op., not designated for publication).  We thus overrule Calhoun's second issue and affirm the trial court's judgment.


                                        REX D. DAVIS
                                        Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed May 11, 2011
Do not publish
[CR25]