IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00064-CR

 

Rankin Calhoun,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 361st District
Court

Brazos County, Texas

Trial Court No. 07-05465-CRF-361

 



MEMORANDUM  Opinion



 








            Rankin Calhoun was charged by
indictment with driving while intoxicated, enhanced to a felony by 2002 and
2006 convictions for operating a motor vehicle while intoxicated.  See Tex. Penal Code Ann. §§ 49.01(2), 49.04(a)
(Vernon 2003), § 49.09(b)(2) (Vernon Supp. 2010).  In a plea bargain, Calhoun
pleaded guilty to the charged offense, and the trial court assessed his
punishment at ten years’ imprisonment and a $1,000 fine, but suspended the
prison sentence and placed him on community supervision for five years.  In two
issues, Calhoun contends that (1) the evidence is legally insufficient to
support his conviction, and (2) the trial court erred in denying his motion to
quash the indictment.  We will affirm.

            In his first issue, Calhoun
contends that the evidence is legally insufficient to support his conviction
“because the two prior DWI convictions used to enhance the offense to a felony
were an element of the offense and occurred prior to the enactment of the
statute”; thus, they could not be used for enhancement and his sentence is
illegal because, without the enhancements, the offense was a misdemeanor and
the district court lacked jurisdiction.[1]

            We recently examined a
nearly identical issue in Cohen v. State, No. 10-08-00385-CR, 2010 WL
199887 (Tex. App.—Waco 2010, no pet.) (mem. op., not designated for
publication).  In Cohen, we stated:

Section 49.09(e) of the Penal Code
previously provided that a prior conviction could not be used for enhancement
if the conviction was more than ten years old.  See Act of May 29, 1993,
73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3698; see also
Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 21, 1995 Tex. Gen. Laws 2734,
2743.  In 2005, the Legislature repealed subsection (e) and eliminated the
ten-year requirement, effective September 1, 2005.  See Act of May 27,
2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Gen. Laws 3363, 3364; see
also Tex. Pen. Code Ann. §
49.09(b)(2) (Vernon Supp. 2009).

 

The Court of Criminal Appeals has held
that section 49.09(e) does not establish an element of felony driving while
intoxicated because it “does not describe the forbidden conduct, the required
culpability, any required result, nor does it create an exception to the
offense.”  Weaver v. State, 87 S.W.3d 557, 561 (Tex. Crim. App. 2002). 
It merely “bars the State, in certain circumstances, from proving all of the
elements of the offense” and is, therefore, “more akin to a rule of
admissibility.”  Id.

 

In Saucedo v. State, No.
03-06-00305-CR, 2007 [WL 1573948] (Tex. App.—Austin May 30, 2007, no pet.) (not
designated for publication), Saucedo argued that the “current version of
section 49.09 does not apply to his case because the prior convictions are
elements of the current offense and, therefore, some of the elements occurred
before the effective date of the new law.”  [Id. at *4].  The Austin
Court held that, because section 49.09(e) does not establish an element of the
offense, “[a]ll of the elements of the offense were committed after September
1, 2005, and the new version of the statute applies.”  Id.[]

 

We too hold that former subsection
49.09(e) does not establish an element of the offense of felony driving while
intoxicated.  See Weaver, 87 S.W.3d at 561; see also Saucedo,
2007 [WL 1573948, at *4].    

 

Id. at *1.

The evidence is thus legally sufficient
to support Calhoun’s conviction, and his sentence is not illegal.  See Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000); see also Jackson v.
Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560
(1979).  We overrule Calhoun’s first issue.

In his second issue, Calhoun contends
that the trial court abused its discretion by denying his motion to quash the
indictment because the 2005 amendment to section 49.09 constitutes an
impermissible ex post facto law.

An ex post facto law:  (1)
punishes as a crime an act previously committed which was innocent when done;
(2) changes the punishment and inflicts a greater punishment than the law
attached to a criminal offense when committed; or (3) deprives a person charged
with a crime of any defense available at the time the act was committed.  Rodriguez
v. State, 93 S.W.3d 60, 66 (Tex. Crim. App. 2002).  Calhoun argues that the
2005 amendment to section 49.09(e) constitutes an ex post facto law
because it eliminated the ten-year requirement for enhancements.  However, courts
have consistently held that for purposes of enhancement, the use of prior
convictions that could not have been used at the time they were originally
committed is not a violation of the prohibition against ex post facto laws. 
See Engelbrecht v. State, 294 S.W.3d 864, 868 (Tex. App.—Beaumont 2009, no
pet.); see also Cohen, 2010 WL 199887, at *2 n.2; Sepeda v. State, 280
S.W.3d 398, 402 (Tex. App.—Amarillo 2008, pet. ref’d); Crocker v. State,
260 S.W.3d 589, 592 (Tex. App.—Tyler 2008, no pet.); State
v. Pieper, 231 S.W.3d 9, 14 (Tex. App.—Houston [14th Dist.] 2007, no pet.);
Saucedo, 2007 WL 1573948, at *4; Romo v. State, No.
04-05-00602-CR, 2006 WL 3496933, at *1-2 (Tex. App.—San Antonio Dec.
6, 2006, no pet.) (mem. op., not designated for publication).  We thus overrule
Calhoun’s second issue and affirm the trial court’s judgment.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Davis, and

Justice Scoggins

Affirmed

Opinion
delivered and filed May 11, 2011 

Do
not publish

[CR25]

 









[1] We assume without deciding that
Calhoun’s legal-sufficiency complaint (which is more in the nature of a legal
challenge to felony jurisdiction in this case) falls within his motion to
quash, the denial of which the trial court allowed Calhoun to appeal.








ion. Her only issue is overruled.
Conclusion
      Having overruled her only issue, the trial court’s judgment is affirmed.
 
                                                             TOM GRAY
                                                             Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed July 11, 2001
Do not publish